EDWARD WHITNEY & others *vs.* MERCHANTS' UNION EXPRESS COMPANY.

An express company, having received from the drawer, for collection, with instructions to return it at once if not paid, a draft for a sum overdue from the drawee to the drawer, with interest, presented it for payment, when the drawee declined to pay more than the principal sum. Thereupon the company, without collecting anything on the draft, agreed with him that they would hold it till he could inquire of the drawer as to the additional amount; and he wrote, the same day, making such inquiry, and adding, "The parties will hold the draft until I hear from you." Upon receiving a reply, in due course of mail, from the drawer, that the additional sum was for interest, the drawee was, and for two days continued to be, ready to pay the draft, which the express company continued to hold but neglected again to present. The third day was Sunday; and on the fourth day he became insolvent. *Held*, that the express company were liable for the drawer's loss on the draft by the drawee's insolvency.

CONTRACT, with an alternative count in tort, for negligence of the defendants in the matter of a draft for $2401.20, drawn on October 13, 1868, at Boston, by the plaintiffs, (who were merchants in that city, under the name of Sprague, Soule & Company,) upon the firm of Plummer & Company at Providence in Rhode Island. Writ dated November 7, 1868. Trial in the superior court, before *Putnam*, J., who reported the following case to this court:

" The defendants were common carriers between Boston and Providence, and it was a part of their business to take drafts

like this for collection. The plaintiffs made the draft on the day of its date, and delivered it to the defendants at their office in Boston, with instructions to collect the same. One of the defendants' clerks asked if it was to be protested in case of non-payment. The plaintiffs' clerk replied that they were not to protest it, but to return it at once if not paid. The defendants gave a receipt stating that they received the draft for collection.

" The deposition of James M. Plummer was introduced, to the effect that he was a partner in the firm of Plummer & Company, doing business as flour dealers in Providence in October 1868; that on October 10, 1868, a bill for $2400 for flour became due from them to the plaintiffs; that on October 14 the draft in question was presented by a messenger of the defendants; that he told the messenger that he would not pay the draft for that amount, but would pay the $2400, the amount of the bill; that he did not understand what the $1.20 additional was for, and that he would write to the plaintiffs that day and ascertain, and the messenger said he would hold the draft for the witness to write what the $1.20 was for; that their clerk wrote in the afternoon of that day, at the usual time for writing letters, a letter in the name of Plummer & Company, stating to the plaintiffs, ' Your draft for $2401.20 came to hand this morning, but we did not pay it because we did not understand what the $1.20 was for. The parties will hold it until we hear from you;' that he received an answer on the morning of October 16, in which the plaintiffs stated that ' the $1.20 was for three days' interest;' that as soon as he received it he was ready and able to pay the draft for the full amount of $2401.20, and should have paid it if it had been presented; that no demand of payment was made during the 16th or 17th of October, but that they continued ready and able to pay the draft during all the 16th, and during the next day, which was Saturday; and that on Monday the firm became insolvent, and had not since been able to pay over fifty per cent. on the dollar of their debts, but had settled with most of their creditors at that rate.

" A clerk of the plaintiffs testified that he called at the defendants' office on October 19, to inquire why the draft had not

been collected, and the defendants' clerk told him they would inquire about it; that, receiving no information, he called again on Tuesday, and was told that a communication had been sent that morning to the plaintiffs; and that, receiving nothing, he called again on Wednesday, and was told that Plummer & Company did not understand the item of $1.20.

" One of the plaintiffs testified that he replied to the letter of inquiry, written by Plummer & Company, as soon as it was received, explaining the $1.20; and that they had been able to collect only $1200 on the debt.

" It was admitted that it is usual to draw drafts similar to this, in like circumstances, for a debt due from the drawer to the drawee. The defendants offered no evidence; and the case was taken from the jury, and reported, under an agreement of the parties that if, upon this evidence, the jury would be warranted in finding a verdict for the plaintiffs, a judgment should be entered for the plaintiffs for $1233.21, and interest thereon since December 30, 1868."

*G. O. Shattuck,* for the plaintiffs.

*J. G. Abbott & O. Stevens,* for the defendants.

COLT, J. Under the instructions given to the defendants, at the time they received this draft for collection, it was their duty to collect it, or to return it at once to the plaintiff if not paid. It was duly presented by the defendants' messenger for payment on the fourteenth of October, and payment refused. Instead of returning the draft at once, they retained possession of it, in order to enable the drawees to obtain, by correspondence, some explanation from the plaintiffs as to the amount for which it was drawn. Satisfactory explanations were received in due course of mail, and Plummer & Company, the drawees, were ready on the morning of the sixteenth of the same month, to pay the full amount. But the draft was not again presented and on the nineteenth they failed and have since been unable to pay.

It is the first duty of an agent, whose authority is limited, to adhere faithfully to his instructions, in all cases to which they can be properly applied. If he exceeds or violates or neglects

them, he is responsible for all losses which are the natural consequence of his act. And we are of opinion that there is evidence of neglect in this case, upon which the jury would have been warranted in finding a verdict for the plaintiffs.

The defendants would clearly have avoided all liability, by returning the draft at once, upon the refusal to pay. It is urged, that the defendants had done all they were bound to do, when they had presented the draft and caused the plaintiff to be notified of its nonpayment; that the notice which was immediately communicated by the letter of Plummer & Company, asking explanation, was equivalent to a return of the draft; that this notice was given by the procurement or assent of the defendants, as early as they would be required to give it, if they had themselves done it instead of intrusting it to Plummer & Company; and that, after the receipt of it, it was the duty of the plaintiffs to give new instructions, if they desired the draft presented for payment a second time.

There would be force in these considerations, if the letter of Plummer & Company was only a simple notice of nonpayment, with no suggestion of further action in regard to it. It expresses and implies much more. The reason for the refusal to pay is stated, and the plaintiffs are told that the defendants will hold the draft until they, Plummer & Company, hear from them. Plainly, if the defendants avail themselves of the letter as a performance of their obligation to give notice, they must abide by the whole of its contents. They make Plummer & Company their agents in writing it, and authorize the plaintiffs to rely on the assurance which substantially it contains, that upon the receipt by Plummer & Company of their explanation the draft would be paid, or returned or notice of its nonpayment given. There is no suggestion in it, that the defendants were awaiting further instructions from the plaintiffs, or needed or expected them. It clearly implies that the defendants had only suspended, at the suggestion of Plummer & Company, and for their accommodation, the further performance of the duty they had undertaken, until an answer and explanation could be returned to Plummer & Company. The plaintiffs had no new

instructions to give, nor had the defendants any right to expect them. They trusted to others, instead of corresponding themselves with the plaintiffs, who in this matter are in no respect chargeable with neglect. The loss is wholly due to the neglect of the defendants, and must be borne by them. According to the agreement of the parties, the entry must be

*Judgment for the plaintiffs.*