ETHEL E. LASELL *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Suffolk.    May 2, 1949. — November 10, 1949.

Present: QUA, C.J., RONAN, SPALDING, & WILLIAMS, JJ.

*Employment Security*, Procedure: report, petition to establish report.
*District Court*, Review respecting employment security.

A decision of an Appellate Division dismissing a petition to establish a
report filed under G. L. (Ter. Ed.) c. 151A, § 42, as amended by St.
1947, c. 434, and rules adopted thereunder, was open to review in this
court on appeal.

A petition, filed under Rule II of the rules adopted pursuant to G. L.
(Ter. Ed.) c. 151A, § 42, as amended by St. 1947, c. 434, to establish
a report filed under Rule I on an appeal to this court from a decision
by a District Court, is strictimissi juris.

A petition to establish a report, filed on appeal under G. L. (Ter. Ed.)
c. 151A, § 42, as amended by St. 1947, c. 434, and rules adopted there-
under, properly was dismissed because the petition contained no alle-
gation that the report conformed to the truth, or any equivalent
allegation.

It was not incumbent upon the director of the division of employment
security to include, in a draft report filed by him under G. L. (Ter.
Ed.) c. 151A, § 42, as amended by St. 1947, c. 434, and under the rules
adopted pursuant thereto, on appeal to this court from a decision of a
District Court, statements purporting to define and limit the questions
of law to be reported, nor was either the trial judge, or the Appellate
Division on a petition to establish the report, required to accept and
to crystallize in the report such ex parte statements by him; their
inclusion was improper.

PETITION, filed in the Municipal Court of the City of
Boston on June 18, 1948, for establishment of a report
described in the opinion.

*F. E. Kelly*, Attorney General, *H. P. Fielding*, Assistant
Attorney General, & *J. A. Brennan*, for the respondent
Director of the Division of Employment Security, submitted
a brief.

No argument nor brief for the petitioner.

QUA, C.J.    The procedural background of this case

appears largely by indirection and reference in the record, but we assume in favor of the director that the petitioner was denied unemployment compensation by the board of review; that upon her petition for review to the Municipal Court of the City of Boston under G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, and amended by St. 1947, c. 434, that court rendered a decision in her favor and contrary to that of the board of review; that the director duly appealed to this court as provided in the 1947 amendment and, as provided therein and in Rule I[1] of the rules made pursuant thereto, filed on May 17, 1948, his draft report; and that the trial judge disallowed it. Thereupon the director, under Rule II,[1] filed his petition to establish that report. The Appellate Division dismissed the petition, and the director appeals. The decision of the Appellate

[1] Rules I, II, and III adopted, pursuant to G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, and amended by St. 1947, c. 434, by the Municipal Court of the City of Boston and the District Courts of the Commonwealth effective October 1, 1947, read as follows:

"I.   To perfect the claim of appeal to the Supreme Judicial Court the aggrieved party shall file with the clerk a draft report within five days of the filing of the claim of appeal. Such draft report shall state the nature of the proceedings, the findings of the trial judge, and so much only of the evidence submitted to the trial judge as may be sufficient for a full understanding of the questions presented by the appeal.

"A copy of the draft report shall be delivered or mailed postpaid forthwith by the appealing party to all adverse parties or their attorneys and one to the trial judge and a hearing shall be had on such report if any party files with the clerk a written request therefor. The trial judge shall thereupon settle the form of his report or disallow the claim of report and may order the appealing party to prepare a copy of the report as settled and submit the same to him within such time as he may fix. Failure to comply with such order shall be sufficient ground for the disallowance of the claim of report. If the trial judge disallows the claim for the report he shall set forth in writing succinctly the facts and reasons for such disallowance.

"II.   Whenever a claim of report shall be disallowed by the trial judge as not conformable to the facts or for any other cause, the clerk shall forthwith give notice to the parties, or whenever the trial judge shall fail to allow such report by reason of physical or mental disability, death or resignation, or if for any other cause action on said report is unduly delayed, the party seeking the same may within five days after notice of such disallowance or such time as the Appellate Division may allow in any other such case, file with the clerk his petition verified by affidavit of the party or his attorney setting forth in full his claim for such report and all facts material thereto and shall forthwith give notice to each adverse party, or their attorneys of record, by delivering or mailing postpaid a copy of said petition. No party shall be allowed to establish the truth of such allegations if he has failed to comply with the requirements above set forth. Said petition and affidavit shall be placed upon the calendar of the Appellate Division at its next sitting after the expiration of ten days from the time of filing, and shall be heard by the Appellate Division and the Appellate Division shall deny the petition, establish the report

Division rests upon rulings of law as to the form of the petition and draft report and not upon findings of fact, and is therefore open to revision here. *Patterson* v. *Ciborowski*, 277 Mass. 260, 266. *Santosuosso* v. *Della Russo*, 300 Mass. 247, 250, and cases cited. See *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364, 365–366.

The petition was rightly dismissed.

A petition to establish a report, like a petition to establish exceptions, is strictissimi juris. There is a close analogy between the kind of report with which we are here concerned and a bill of exceptions. *Gallagher* v. *Atkins*, 305 Mass. 261, 262–263. *Calcagno* v. *P. H. Graham & Sons Co. Inc.* 313 Mass. 364, 368. *Wind Innersole & Counter Co. Inc.* v. *Geilich*, 317 Mass. 327, 329. By Rule II of the rules established under c. 151A, § 42, as amended by St. 1947, c. 434, a party seeking allowance of a report is required to file "his petition verified by affidavit of the party or his attorney setting forth in full his claim for such report and all facts material thereto." The rule further provides that "No party shall be allowed to establish the truth of such allegations if he has failed to comply with the requirements above set forth." This wording closely follows that of Rule 6 of the Rules for the Regulation of Practice before the Full Court, relating to petitions to establish bills of exceptions. 252 Mass. 587. Under the latter rule this court has repeatedly held in rescript opinions handed down in recent years that a petition to establish exceptions must be dismissed if it contains no allegation verified by affidavit that the proposed bill of exceptions conforms to the truth. *Levine, petitioner*, 301 Mass. 612. *Andersen, petitioner*, 301 Mass. 612. *R. E. Guerin Trucking Co. Inc., petitioner*,

---

or may recommit the same to the trial judge for amplification, correction or amendment, or make such order as it deems proper.

"If final action on the draft report by the justice, who heard and decided the petition, is not taken within three months after the filing of the draft report and no petition for establishment has been filed, the decision of the district court shall stand. '

"III. Upon the filing of the report by the trial judge or the establishment of the report by the Appellate Division the clerk shall forthwith give notice to the parties and the appeal shall be perfected in accordance with General Laws, chapter 231, section 135."

318 Mass. 783. See *Dubois* v. *Boston & Maine Railroad*, 315 Mass. 758. There is no reason why a corresponding requirement should not apply to a petition to establish a report. The petition in this case contains no allegation that the draft report filed May 17, 1948, and sought to be established conforms to the truth, and there is no equivalent allegation. The facts that the petition itself is verified by oath and that it contains many allegations pertinent to the report are not enough. The draft report, filed May 17, 1948, contains many statements not contained in the petition to establish it and so not verified by the oath at the end of the petition that the allegations contained in the petition are true. And conversely there is nothing under oath in the petition to show that the draft report contains all that it ought to contain to make it a fair and just report, that is, conformable to the truth.

The draft report itself is open to objection on the ground that it contains certain paragraphs numbered 1 to 4, inclusive, in which the director attempts to define and limit the questions of law to be reported. Without intending to criticize the phrasing of these paragraphs, we are of opinion that neither the trial judge nor the Appellate Division was required to accept and to crystallize in a report the director's ex parte statement of the legal issues, drafted by him after the hearing of the case had been fully completed and the decision made. Nor do we think that it was incumbent on the director to define these issues in drafting a report, as he appears to believe it was. A report under G. L. (Ter. Ed.) c. 151A, § 42, as amended, and under the rules made in pursuance of that section is in its mechanical aspects closely analogous to the ordinary report in actions at law in District Courts under G. L. (Ter. Ed.) c. 231, § 108, as amended, but it differs substantially from a report under that section in its purpose and effect. A report under c. 231, § 108, is in itself the vehicle by which rulings of law are brought to the Appellate Division for determination, and should therefore in itself disclose in some manner the rulings intended to be reported. But under c. 151A, § 42, as

amended, the case comes directly to this court by appeal. The case is heard in the District Court on the documents and transcript of the testimony in the board of review. The court decides only questions of law arising on the documents and the transcript. The necessity of separating law from fact does not arise, — at least not in the manner and degree in which that question arises in ordinary actions at law. The petition for review itself must "state the grounds upon which such review is sought." Until the amendment of 1947, the section contained no provision for a report. It would seem that a principal reason for the amendment must have been to provide an easy method for reducing that which would otherwise be a bulky record on appeal so that it should include only such material as should apply to the issues already stated in the petition and open on the record. Further definition of those issues could hardly have been an object.

There may be other difficulties with the draft report, but we do not think it useful to discuss further details. It is apparent both that the petition to establish lacks a necessary allegation and that the director has insisted and still insists before us upon a form of report which we think incorrect. Without doubting his good faith, there is nothing to show that the Appellate Division should have taken any other course than to dismiss his petition. *Ray, petitioner,* 314 Mass. 195, where the previous cases are reviewed.

The director insists that the trial judge dealt with the report without giving him the hearing thereon to which he was entitled under Rule I. It was, of course, the duty of the judge to comply with the rule. Whether he did so would seem to depend upon whether, as required by the rule, the director seasonably filed with the clerk a written request for a hearing. However this may be, and whatever remedy a party may have for a failure of the judge to comply, we are unable to see how the Appellate Division was in error in dismissing an insufficient petition for the establishment of an improper report.

*Order dismissing petition affirmed.*