WILLIAM B. STRONG, SR., trustee, *vs.* MERCHANTS MUTUAL INSURANCE COMPANY.

Middlesex.   November 6, 1974. — February 5, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Insurance,* Fire insurance: cancellation. *Damages,* For wrongful cancellation of insurance. *Actionable Tort. Equity Pleading and Practice,* Rehearing.

Where a master and a Superior Court judge had concluded that the insurer of real property had effectively cancelled its policy with the insured, but the Appeals Court had decided that the policy was not cancelled although the insured's mortgagee bank had properly taken possession of the property upon notice of cancellation from the insurer, and this court had declined further review on those matters, the insured, who had claimed damages from the insurer but had outlined no clear theory of liability, relying upon his claims against the bank, was permitted, because of the special circumstances of the case, to amend his bill to frame a claim for damages against the insurer, and the case was remanded to the Superior Court for determination of the claim, although the insured should have protected his interests by moving, in the Superior Court, to recommit the case to the master for a finding on damages. [751-754]

BILL IN EQUITY filed in the Superior Court on March 17, 1970.

The suit was heard by *Roy,* J., on a master's report.

*Joseph M. Cohen* for the plaintiff.

*Avram G. Hammer* (*Edward Nappan* with him) for the defendant.

WILKINS, J. We granted further appellate review in this case solely on the issue of damages against the defendant insurance company (insurer). The Appeals Court decided that the purported cancellation of certain fire insurance policies on property owned by the plaintiff was ineffective but that the plaintiff's mortgagee bank properly took possession of the property following receipt of notices from

the insurer representing that the policies had been cancelled. *Strong* v. *Merchants Mut. Ins. Co.*        Mass. App. Ct.        (1974).[a] The Appeals Court concluded, however, that the plaintiff had failed to prove that he had sustained any damages from the ineffective cancellation of the insurance policies, and that the plaintiff should have moved in the Superior Court to recommit the case to the master (before whom the evidence was presented) for findings with respect to damages. *Id.* at        .[b] We granted further review to consider the plaintiff's claim for damages against the insurer in these circumstances.

In order to assess the plaintiff's right to damages, it is important first to determine the nature of the claim which the plaintiff asserts. The insurer suggests that the plaintiff's claim is for a breach of contract in sending the ineffective cancellation notices. The Appeals Court opinion seems in part to treat the claim as one for breach of contract. *Id.* at    -    .[c] As the defendant points out, however, the attempted cancellations were ineffective, and consequently there was no cancellation in breach of any contract of insurance. The plaintiff cites no authority, and we have found none, holding that an ineffective cancellation of an insurance policy terminable at will (on ten days' notice) gives rise to a claim in contract.[1]

Although the bill for declaratory relief is very general in its allegations and the plaintiff's brief in this court does not explicate any traditional tort (or contract) theory on which recovery might be based, we agree with the Appeals Court's conclusion (at        [d]) that the plaintiff's expressed claim

[a] 309 N.E. 2d 510.

[b] 309 N.E. 2d at 514-515.

[c] 309 N.E. 2d at 514-515.

[1] The notices of the insurer's purported cancellations stated their effectiveness as ten days after their receipt.

The policies contained a standard form of cancellation clause as then required by G. L. c. 175, § 99, as amended through St. 1951, c. 478, § 1. See now G. L. c. 175, § 99, as amended through St. 1974, c. 498.

[d] 309 N.E. 2d at 515.

"is essentially in tort." There is arguably an aspect of negligence in the sending of a notice of cancellation to the mortgagee bank, when in fact there had been no cancellation. But was there a breach of any duty owed to the plaintiff by the insurer? Perhaps the insurer's conduct, if coupled with other necessary elements, gave rise to a claim for deceit. See *Craig* v. *Everett M. Brooks Co.* 351 Mass. 497 (1967). The circumstances may support some other theory of tort or even contractual liability, but the plaintiff has not related his claim for damages to any theory of liability which has rational support in the record.

The plaintiff's brief argues in large part that it would be unfair to deny him a chance to prove damages, now that it has been established that the master and the Superior Court judge were in error in concluding that the insurance policies were properly cancelled. However, even assuming, as the Appeals Court apparently did, that the master's findings supported liability, the Appeals Court was correct in concluding that the plaintiff should have protected his rights in the Superior Court by moving to recommit the case to the master for findings on damages. If, as well, the master's findings did not support any theory of liability espoused by the plaintiff, the obligation on the plaintiff to seek recommittal to the master was even greater. On the other hand, if "the facts on which the rights of the parties depend have not been ascertained at the trial it is within the power of the court, in its discretion and of its own motion, to recommit the cause for re-trial." *DeVeer* v. *Pierson,* 222 Mass. 167, 175 (1915). See *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 224 (1944); *Mackey* v. *Rootes Motors Inc.* 348 Mass. 464, 469 (1965).

We believe that there are special circumstances present here which support granting the plaintiff a further opportunity to present his claim against the insurer. Only after the Appeals Court decision (and we declined further appellate review on the point) was it clear to the plaintiff in this complicated situation that he had no viable claim against the bank for improper foreclosure of the mortgage and that his only possible claim was against the insurer. If

the insurer's liability were clear on the findings of the master, we would have no hesitancy in exercising our discretion to remand the case for a hearing on damages. Here, however, the nature of the plaintiff's claim against the insurer was not alleged with clarity nor established on the master's findings. We think that any further hearing in this case should come only after an amendment of the bill to state a legally sufficient claim against the insurer. If the plaintiff succeeds in that endeavor, any hearing on the new allegations (which will involve, of course, more than the issue of damages) should take place in the Superior Court rather than before a master.[2]

The case should be disposed of as stated in the opinion of the Appeals Court (at        [e]), as to all parties involved below, provided, however, that the last paragraph of the final decree shall not include the insurer if the plaintiff seasonably moves to amend his bill to allege a proper claim against the insurer.[3] If such a motion is filed and allowed, the decree shall be final as to all defendants except the insurer.

*So ordered.*

---

[2] The parties are entitled hereafter to a prompt resolution of this matter. A trial in the Superior Court is more likely to produce a prompt answer than a further reference to a master.

[e] 309 N.E. 2d at 515.

[3] The last paragraph provided that "[t]he respondents are not liable to the petitioner in respect to any matters alleged in the Bill of Complaint."