THE HOME INSURANCE COMPANY vs. COLUMBIA INSURANCE
AGENCY, INC.

Suffolk.    November 12, 1976. — September 13, 1977.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Negligence,* Insurance agent.   *Agency,* Responsibility of agent to prin-
cipal.   *Practice, Civil,* Rehearing.

Where the trial of an action by an insurance company against its agent
   to recover damages resulting from the agent's negligence proceeded
   under the mistaken belief that the insurance company could recover
   without establishing the defendant's negligence as the proximate
   cause of its loss, and the issue of proximate cause was never liti-
   gated, this court, in its discretion, remanded the case for a retrial
   limited to the issue of proximate cause. [622-623]

BILL IN EQUITY filed in the Superior Court on December
18, 1972.

The suit was heard by *Good,* J.

*Edward R. Wine* for Columbia Insurance Agency, Inc.

*George J. Sanker, Jr.,* for The Home Insurance Com-
pany.

GOODMAN, J.   Fulton Packing Co., Inc. (Fulton),
brought an action against The Home Insurance Company
(Home) and Columbia Insurance Agency, Inc. (Colum-
bia), to recover for a loss arising out of a theft of meat
which Fulton claimed was covered by an insurance policy
issued by Home through its agent Columbia. Home had
denied liability because Fulton's last report prior to the
loss, pursuant to the policy's "Value Reporting Clause,"
had erroneously represented the value of its inventory (at
the premises where the theft later took place) as zero. Ful-
ton contended that it had reported the inventory accurately
to Columbia but that Columbia had reported it to Home
as zero. Home in its answer asked for indemnification from
Columbia if Home were found liable.

After Fulton presented its case, a stipulation was entered into among Fulton, Home, and Columbia, that Fulton's loss was covered by Home's policy and that the damages sustained by Fulton by reason of the theft were $25,000. Home "expressly reserve[d] its rights to indemnification from the co-defendant, Columbia Insurance Agency, Inc.," and the trial proceeded on that issue. The trial judge filed a "Report of Findings and Rulings and Order for Entry of Judgment" in which he stated, "I find and rule that Columbia is solely responsible for the error in this case. And, therefore, I find and rule that Home is entitled to be indemnified by Columbia in the full amount of the loss in this case." Columbia appeals from the judgment thereupon entered.

Columbia contends that Home was not entitled to indemnification absent a finding by the trial judge that Columbia's negligence was the proximate cause of Home's liability under the insurance policy — based on a showing that, if the inventory had been properly reported, Home would have cancelled the policy.[1] We agree. In this Commonwealth a principal, in order to recover damages for its agent's negligence in carrying out the principal's instructions (as Home claimed and the trial judge found in this case), has the burden of proving that the agent's negligence was the proximate cause of actual damages suffered by the principal. *Whitney* v. *Merchants' Union Exp. Co.*, 104 Mass. 152, 154-155 (1870). *National Non-Theatrical Motion Picture Bureau, Inc.* v. *Old Colony Trust Co.*, 270 Mass. 34, 37 (1930). 16 Appelman, Insurance Law and Practice § 8781, at 360 & n.30.35 (1968). Restatement (Second) of Agency § 401, Comment b, Illustration 1 (1958). 1 Mechem, Agency §§ 1246, 1271, 1291 (2d ed. 1914). See *Noxon* v. *Hill*, 2 Allen 215, 217 (1861).

Home correctly points out that Columbia did not raise the issue whether Columbia's negligence was the proximate

---

[1] The policy provides: "This policy may be cancelled at any time by this company by giving to the insured . . . a ten days' written notice of cancellation . . . ."

cause of Home's liability under the insurance policy and that this issue was not litigated. We need not decide the extent to which, if any, and at what point it was necessary for Columbia to advise the trial judge of the contention it now makes. It is clear that Columbia, Home, and the trial judge all proceeded during the trial under the mistaken impression that Home was required only to prove negligence by Columbia in order to establish its right to be indemnified for its liability under the policy. But "[w]here the facts on which the rights of the parties depend have not been ascertained at the trial it is within the power of the court, in its discretion and of its own motion, to recommit the cause for re-trial." *DeVeer* v. *Pierson,* 222 Mass. 167, 175 (1915), citing *Rubenstein* v. *Lottow,* 220 Mass. 156, 163-164 (1915). *Mackey* v. *Rootes Motors Inc.,* 348 Mass. 464, 468-469 (1965). *Strong* v. *Merchants Mut. Ins. Co.,* 366 Mass. 751, 753-754 (1975). We believe that this is an appropriate case for the exercise of that discretion.

However, the findings of the trial judge that Columbia was negligent and that Home was not contributorily negligent must stand; nor are they seriously contested by Columbia. Accordingly, the evidence to be taken at re-trial is to be limited to the issue whether Columbia's negligence, as already found by the trial judge, was the proximate cause of Home's liability (stipulated at $25,000) under the insurance policy. The judgment is reversed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*