WILLIAM B. STRONG, SR., trustee, *vs.* MERCHANTS MUTUAL INSURANCE COMPANY. October 6, 1977. Prior proceedings are set out in *Strong* v. *Merchants Mut. Ins. Co.* 2 Mass. App. Ct. 142 (1974), *S.C.* 366 Mass. 751 (1975). Upon remand to the Superior Court by the Supreme Judicial Court, the plaintiff's second motion to amend his complaint (the first such motion was denied without prejudice) was denied with prejudice. There was no error. The plaintiff's theory of recovery is that his refusal to pay the mortgagee bank its expenses of taking possession of the plaintiff's property, which occurred when the bank received notices sent by the insurance company (defendant) cancelling fire insurance on the property, and subsequent losses resulting from that refusal were caused by "negligent misrepresentation as to the status of the applicable insurance," the notices of cancellation having been ineffective (as we have held) to cancel the policies because they had not complied with G. L. c. 175, § 99 (as in effect prior to St. 1969, c. 425, § 1). Assuming that such negligent misrepresentations can give rise to a claim such as the plaintiff makes, cf. *Craig* v. *Everett M. Brooks Co.,* 351 Mass. 497, 499-501 (1967), the plaintiff cannot relate the negligent misrepresentations to his refusal to pay the bank from which he claims his loss flowed (see *Home Ins. Co.* v. *Columbia Ins. Agency, Inc., ante,* 621 [1977]) for at least two reasons: (1) The plaintiff is foreclosed from claiming that he relied on those misrepresentations since he refused to pay the bank after (as appears from the complaint and the master's report) he knew that the policies had been reinstated; and (2) the failure to comply with the statute could not have resulted in misrepresentations on which the plaintiff relied in refusing to pay the bank because (a) it is clear that the plaintiff knew that the original premiums had been fully paid and

indeed he alleges that, upon learning of the cancellations, his "attorney furnished the defendant photostatic copies of the checks that had been given for the original payment" and (b) the master found that the plaintiff "had actual notice and knowledge of the increase in premium due . . . ." This information may have convinced the plaintiff that the defendant had cancelled erroneously (in other respects not material to the failure to comply with the statute), but we do not see how the defendant's failure to mark the last box (see *Strong* v. *Merchants Mut. Ins. Co.,* 2 Mass. App. Ct. at 147-148) (or the next to last box for that matter) could have affected the plaintiff's decision to refuse to pay the bank its expenses of possession. Thus, in the circumstances of this case (including the master's report) the proposed amended complaint cannot aid the plaintiff, and the allowance of the plaintiff's motion to amend would have been futile. *Castellucci* v. *United States Fid. & Guar. Co.,* 372 Mass. 288, 289-290 (1977), citing *Foman* v. *Davis,* 371 U. S. 178 (1962). Accordingly, we affirm the judgment dismissing the action as against the defendant entered on the basis of the order denying the motion to amend (no question having been raised as to the form of the judgment in light of the prior proceedings).

*So ordered.*

*Joseph M. Cohen* for the plaintiff.
*Avram G. Hammer* for the defendant.