JEANNETTE M. GERAGHTY *vs.* MOTT'S SHOP-RITE OF HOLYOKE, INC.; COCA-COLA BOTTLING COMPANY OF HARTFORD, third-party defendant. March 7, 1979. Shopping in the store of the defendant Mott's Shop-Rite of Holyoke, Inc., the plaintiff Geraghty took a carton of Coca-Cola from a shelf, whereupon two bottles fell through the carton onto the plaintiff's second right toe, fracturing it. The plaintiff commenced an action in the District Court of Holyoke against the defendant grounded on alleged negligence, and the defendant, after answering, impleaded the Coca-Cola company, the supplier of the carton and contents, as third-party defendant, charging it with negligence, and claiming in-

demnity. The third-party defendant answered, denying negligence on its part. Although the plaintiff did not, as permitted by Mass. R. Civ. P. 14, 365 Mass. 760 (1974), file a pleading asserting a claim against the third-party defendant, trial evidently proceeded as if such a claim had been asserted. The judge found, on the basis of breach of warranty, for the plaintiff against the defendant in a certain amount, and, in an equivalent amount, for the plaintiff against the third-party defendant; there was no adjudication as between the defendant and the third-party defendant, and that claim may be considered abandoned. Only the third-party defendant requested rulings, including a ruling that the evidence did not justify a finding of breach of warranty, and only the third-party defendant claimed a report to the Appellate Division of the District Courts, Western District. The Appellate Division, holding that there was insufficient evidence of breach of warranty, directed entry of judgment for the defendant and the third-party defendant.

On appeal by the plaintiff to this court, we agree that, for insufficiency of evidence, judgment against the third-party defendant cannot stand. Accordingly, the judgment for the third-party defendant is affirmed. However, the Appellate Division was without authority to interfere with the District Court's finding for the plaintiff against the defendant, as the defendant had not requested rulings or claimed a report. See *Elliott* v. *Warwick Stores, Inc.*, 329 Mass. 406, 409 (1952). Therefore the judgment for the defendant will be vacated, and the plaintiff will have judgment against the defendant. Without further action, the pleadings will be deemed to include an allegation of breach of warranty by the plaintiff against the third-party defendant, and a denial thereof by the third-party defendant, and an allegation of breach of warranty in the plaintiff's complaint, and a denial thereof in the defendant's answer. See Mass. R. Civ. P. 15 (b), 365 Mass. 761 (1974). The case is remanded to the District Court of Holyoke with the directions above.

*So ordered.*

*Harold F. Brunault* for the plaintiff.
*John H. Madden, Jr.*, for Coca-Cola Bottling Company of Hartford, submitted a brief.