**WORCESTER COUNTY
NATIONAL BANK
vs.
Gerald W. BROGNA & another[1]**

**No. 308**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**September 28, 1981**

Carl D. Aframe, counsel for plaintiff
John D. Burrill, counsel for defendants

**DECISION AND ORDER**

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield on July 1, 1981 upon Petition to Establish Report from the Worcester Division and,

It is hereby

ORDERED: That the Clerk of the Worcester Division make the following entry in said case on the docket of said Court, namely: Plaintiff's petition to establish a report is hereby dismissed.

**Date: September 28, 1981**

**William T. Walsh, Justice
Bernard Lenhoff, Justice
Alan McGuane, Justice**

Opinion filed herewith.

**Robert E. Fein
Clerk**

---

[1] Mary. Brogna

## OPINION

**Walsh, P.J.**

This is a petition to establish a report pursuant to the provisions of Dist./Mun. Cts. R. Civ. P. 64(e). After findings for the defendants on both the complaint and their counterclaim, the plaintiff filed a draft report. This was later disallowed by the trial justice.

The plaintiff then filed the subject petition, including a copy of the draft report, copies of the pleadings, a copy of the judge's memorandum on disallowance of the report and an affidavit.

The affidavit sets forth that the draft report attached thereto was a true and complete copy of the one filed with the trial court and that the petition, draft report and affidavit set forth all facts material to the petition. It also contains a brief chronology of the action taken in and by the trial court. Neither plaintiff's petition nor its affidavit contains a verification that the draft report which is sought to be established conforms to the truth. This renders it insufficient on its face. **Stevens v. United Artists Corporation,** 373 Mass. 857 (1977). **Lasell v. Director of Division of Employment Security,** 325 Mass. 23, 25-26 (1949).

We note from reading the copy of the draft report attached to the plaintiff's petition that it claims to be aggrieved by the sufficiency of the evidence to support the findings of the trial justice. It is also noted that the plaintiff failed to file any requests for rulings in the case. Had the plaintiff desired to raise the question of law, whether the evidence would support a certain finding, it should have presented a request for a ruling to that end and included it in the contents of the draft report. Dist./Mun. Cts. R. Civ. P. Rule 64(b), (c)(1)(i) and (c)(2). Such failure precludes the aggrieved party from the right to obtain appellate review. **Reid v. Doherty,** 273 Mass. 388, 389-390 (1930).

Plaintiff's petition to establish a report is hereby dismissed.