WORCESTER COUNTY NATIONAL BANK *vs.* GERALD W. BROGNA & another.[1] June 8, 1982. The plaintiff appeals from a decision of the Appellate Division of the District Courts, Western District, dismissing its petition to establish a report.[2] The Appellate Division held that neither the plaintiff's petition nor its affidavit contained a verification that the draft report which it sought to have established conformed to the truth, and that the plaintiff had failed to comply with Dist. Mun. Cts. R. Civ. P. 64 (b), (c) (1) (i), and (c) (2) (1975). There was no error. The affidavit submitted with the plaintiff's petition states that the copy of the draft report attached to the petition is a true and complete copy of the draft report filed with the District Court. The affidavit further represents that the petition, draft report, and affidavit set forth all facts material to the petition. This affidavit clearly is not a verification of the truthfulness of the contents of the draft report and is, therefore, insufficient. *Stevens* v. *United Artists Corp.*, 373 Mass. 857 (1977). *Lasell* v. *Director of the Div. of Employment Security*, 325 Mass. 23, 25-26 (1949). Dist. Mun. Cts. R. Civ. P. 64 (e) (1975).

The Appellate Division also correctly held that the plaintiff's failure to file a request for rulings of law in a timely fashion precludes it from claim-

---

[1] Mary Brogna.

[2] Since the case could have been entered in the Superior Court or removed there by the defendants, the parties have apparently waived their right to a trial to a jury, with the result that the decision of the Appellate Division is a final one within the meaning of G. L. c. 231, § 109.

ing on appeal that the evidence was insufficient to warrant the findings of the trial judge. Dist. Mun. Cts. R. Civ. P. 64 (b), (c) (1) (i), and (c) (2) (1975). *Geraghty* v. *Mott's Shop-Rite of Holyoke, Inc.*, 377 Mass. 911-912 (1979). *Elliott* v. *Warwick Stores, Inc.*, 329 Mass. 406, 409 (1952). *Reid* v. *Doherty*, 273 Mass. 388, 389-390 (1930). There is nothing to the plaintiff's contention that the filing of a pretrial stipulation concerning disputed and undisputed issues somehow relieved the plaintiff of the requirement of filing requests for rulings of law. Such a stipulation in no way serves the purpose of requests for rulings of law in calling the judge's attention to relevant law and creating a trial record of the application of the law to the evidence so that meaningful appellate review is possible.

*Order dismissing petition to*
*establish report affirmed.*

The case was submitted on briefs.
*Carl D. Aframe* for the plaintiff.
*Harold Jacobi, III, & Mitchell J. Sikora, Jr.*, for the defendants.