Staff, J.
This is a petition to establish a report. The fundamental case was an action in contract and tort against a moving and storage company for damage to plaintiffs personal property. Chronologically, there was a finding for thé defendant, a motion for a new trial b; plaintiff, a denial of that motion, the timely filing of the draft report on which no action was taken by the judge, and then nearly eight months later, the plaintiff filed her petition to establish report.
The plaintiff argues that she should be excused from the requirement of Dist./Mun. Cts. R. Civ. P., Rule 64(c)(5) in that she failed to file her petition to establish her report before the expiration of 90 days from the date of filing the draft report because the clerk failed to comply with the provisions of the same rule requiring that the clerk give notice to the parties at least fourteen (14) days prior to the expiration of the 90 day period.
We find it necessary to decide that question because of deficiencies and flaws contained in the petition, affidavit, and draft report which require a denial of the petition.
We begin by observing that neither the petition nor the affidavit contains a clear and unequivocal statement that the draft report sought to be established contains an accurate summary of all of the relevant evidence and conforms to the truth. Although the affidavit states: "The proposed draft report states the issues raised by the pleadings and clearly sets forth the facts essential to a full understanding of the questions presented and also sets forth the reasons the Plaintiff seeks review by the Appellate Division of the District Court,’’ this falls far short of the requirements of the rule. Dist./Mun. Cts. R. Civ. P., Rule 64(e): Lasell v. *366 Director of the Division of Employment Security, 325 Mass. 23, 26 (1949); Cook v. Kozlowski, 351 Mass. 708 (1967); Stevens v. United Artists Corp., 373 Mass. 857 (1977).
“A petition to establish a report... is strictissimi juris.” Lasell v. Director of the Division of Employment Security, supra at 25.
We further note that the draft report shows that the appellant filed no requests for rulings but states that “[t] he issue on appeal is whether or not the finding and the judgment of the trial judge was against the weight and sufficiency of the evidence introduced at the trial.”
A party aggrieved by a ruling on a matter of law in a District Court may have that ruling reported to the Appellate Division, G.L.c. 231, §108.
The mode of obtaining a ruling is by request for a ruling. Dist./Mun. Cts. R. Civ. P., Rule 64(b). An appeal from a general finding brings nothing before the Appellate Division. Butler v. Cromartie, 339 Mass. 4, 6 (1959). In fact, the rule itself, supra, provides that “[n]o review as of right shall lie to the refusal of a request for a ruling ‘upon all the evidence’ in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.”
A party who failed to raise an issue at trial cannot, as a matter of right, raise the issue on a motion for a new trial. Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 154 (1956). The denial of a motion for a new trial is within the judge's discretion and unless an abuse of discretion is shown, his denial will not be disturbed. Bartley v. Phillips, 317 Mass. 35, 43-44 (1944); Forman v. Wolfson, 321 Mass. 749 (1947). An abuse of discretion consists of judicial action which no conscientious judge, acting intelligently and honestly could have taken. Davis v. Boston Elevated Ry. Co., 235 Mass. 482m 496-497 (1920). Here the appellant has not even suggested any abuse of discretion.
In short, even if the petition were allowed, the draft report offered presents no question of law, and the allowance of the petition would result in an exercise in futility.
Accordingly we order that the petition to establish report be, and hereby is, denied.