Staff, J.
The proceedings giving rise to this petition to establish a report began as a contract action in which the trial judge made a finding against the defendant and the third party defendant.
Because neither the petition nor the affidavit contain a verification that the report which is sought to be established conforms to the truth, we are compelled to dismiss the petitionJDist./Mun.Cts. R. Civ. P., Rule 64 (e); Lasell v. Director of the Division of Employment Security, 325 Mass. 23, 26 (1949(; Cook v. Kozlowski, 351 Mass. 708 (1967); Stevens v. United Artists Corp, 373 Mass. 857 (1977); Worcester County National Bank v. Brogna, 386 Mass. 1002 (1982); Wolf v. C. Bain, Inc., 1983 Mass. App. Dec. 365.
Because of the procedural defect, we reach no substantive issues.
We note that the inadequacy here is unlike the failure of a party to include in a draft report a statement that the report contains all the evidence material to the question reported discussed by Chief Justice Hennessey in Comfort Air Systems v. Cacopardo, 370 Mass. 255, 259 (1976).
Nor is the deficiency in this case in the same category as that discussed in Cape Cod Bank & Trust Co. v. LeTendre, Mass. Adv. Sheet (1981) 2055. There at 2058 the court pointed out that a rigid interpretation of a rule relating to practice before the appellate division (the requirement that the appellant mail or deliver a copy of the draft report to the trial judge [Rule 64(c) (3)] ) is contrary to the letter and spirit of current procedural rules and the decisions interpreting them, and the court returned the case to the trial court for the purpose of making a determination as to whether the “failure to comply with the strict requirements of the rule was of any consequence . . .” (p.-2059). but see PERLIN & CONNORS, HANDBOOK OF DIST. CT. PROCEDURE, 1983 *162 Annual Supplement, p. 53.
As the Supreme Judicial Court pointed out in Lasell v. Director Division of Employment Security, supra at 26, a petition to establish a report is closely analgous to a petition to establish exceptions, a procedure which existed under the old practice. The reasons for a petition to establish a report are that either the trial judge disallowed the proffered draft report or that he failed to act upon it. The rule requiring verification follows the logical step that the draft report sought to be established and the petition should be verified by affidavit.
Deeming the petition inadequate, we hereby dismiss it.