Coven, J.
This is a negligence action brought by plaintiff Jesse Bang, a minor, against his father, defendant Alex Tran, for injuries sustained when the plaintiff was struck by an automobile. The trial court found the defendant liable for the negligent supervision of his son, and the defendant has appealed the court’s rulings of law pursuant to Dist./Mun. Cts. RAD.A., Rule 8A.
On the day of the accident, the defendant double-parked his vehicle across the street from a friend’s house in East Boston, and left his two young sons unattended in the car. The plaintiff, then age six, and his eight year old brother got out of the car and began to play on the sidewalk and in the street with neighborhood children. The plaintiff was struck by a passing automobile when he chased a ball into the street from the side opposite of his father’s double-parked car. The plaintiff sustained severe injuries and massive trauma which required prolonged hospitalization followed by a lengthy period of home care.
The plaintiff settled his personal injury claim against Paul Stornaeillo (“Stor-naeillo”) , the driver of the automobile which struck him, and then commenced this action in tort against both his father, defendant Tran, and a second defendant, Ming Voong. The complaint consisted of sixteen paragraphs, the first four of which identified the parties. Paragraphs 7 through 10, labeled “Facts,” set forth the circumstances of the plaintiff’s accident. Paragraph 10 of the “Facts” stated:
At the aforementioned date and time, defendant Alex Tran failed to supervise plaintiff Jesse Bang while plaintiff was playing in the street.
Counts I and II, against defendants Voong and Tran, respectively, comprised the remainder of the complaint, and set forth separate but identical claims that each of the defendants had negligently double-parked his own vehicle so as to obstruct the visual field of Stornaeillo, preventing him from seeing the plaintiff and resulting in the plaintiff being struck by Stornaeillo’s car.[2]
In his written findings of fact and rulings of law, the trial judge concluded that the defendant’s double-parking of his car did not constitute negligence because it was not causally related to the accident. The judge found that the direct and proximate cause of the plaintiff’s injuries was instead the defendant’s neglect in leaving his young sons unattended in a double-parked car, and that the defendant was thus liable for negligent parental supervision. The judge then ordered the entry of judg *123 ment pursuant to Rule 58 for the plaintiff “on the basis of liability only” in the amount of $1.00, and instructed the plaintiff that the judgment award would become final in thirty days unless the plaintiff requested a hearing for the assessment of damages.
1. We note at the outset that the court’s order for judgment was improper and that the defendant’s appeal is, as a practical matter, premature.[3]
It is elementary that actual damages or loss is an essential element of the tort of negligence on which issue the plaintiff obviously bears the burden of proof. Ulwick v. DeChristopher, 411 Mass. 401, 408 (1991); Glicklich v. Spievack, 16 Mass. App. Ct. 488, 492 (1983); Home Ins. Co. v. Columbia Ins. Agency, Inc., 5 Mass. App. Ct. 621, 622 (1977); Corcoran v. Healey, 1981 Mass. App. Div. 83, 86. A finding of liability in negligence cannot be made in the absence of a determination of actual damages, and nominal damages may not be awarded. Smith v. Jalbert, 351 Mass. 432, 436 (1966); Gregoire v. O’Leary, 341 Mass. 727, 728 (1960); International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 223 (1990). It is undisputed, and the trial judge so found, that the plaintiff sustained severe injuries in the accident in question. The trial judge should thus have awarded actual damages on the basis of the evidence advanced at trial by the plaintiff. By ordering the entry of a judgment for nominal damages without a determination of actual damages, and by staying any assessment until after this appeal, the trial judge not only improperly bifurcated the adjudication of plaintiff’s negligence claim, but also needlessly set the stage for the piecemeal appellate review of this matter. See, as to judicial policy against such review, Pollack v. Kelly, 372 Mass. 469, 470-471 (1977); Rollins Environ. Services, Inc. v. Superior Court, 368 Mass. 174, 177-178 (1975).
2. While it is clear that the trial court’s judgment must be vacated, we decline merely to return the matter for the trial judge’s assessment of damages and to await a second appeal by the defendant of the issues now before us and any which may arise in consequence of the assessment. Upon review of the issues and rulings of law presented on this appeal, we agree with the defendant that the court erroneously based its finding of liability on a negligent parental supervision theory of recovery which was neither adequately disclosed in the pleadings, nor tried with the express or implied consent of the parties. A new trial is in order.
Generally, under the Massachusetts practice of notice pleading, “there is no requirement that a complaint state the correct substantive theory of the case.” Gallant v. Worcester, 383 Mass. 707, 709 (1981). See also Charbonnier v. Amico, 367 Mass. 146, 152-153 (1975); Ahern v. Warner, 16 Mass. App. Ct. 223, 226 n. 2 (1983). A complaint must, however, contain “a short and plain statement of the claim,” Mass. R. Civ. P. 8(a) (1), which affords fair notice to the defendant of the basis and nature of the action against him. Clark v. Greenhalge, 411 Mass. 410, 413 n. 6 (1991); Ciccone v. Smith, 3 Mass App. Ct. 733, 734 (1975). The plaintiff’s complaint in this case set forth one very specific count against the defendant for his alleged negligence in double-parking his car. There is no count in the complaint for negligence in general or negligent parental supervision in particular; indeed the term *124 “supervision” is found only once, in paragraph 10 of the “Facts” section of the complaint which explains the circumstances of the plaintiffs accident. Moreover, at the time the complaint was served on the defendant, the Massachusetts Supreme Judicial Court had reserved decision on a child’s right of action against a parent for negligent supervision (see discussion, infra). In short, the complaint cannot be fairly read as giving the defendant adequate notice that the plaintiff was presenting what amounted to a novel or unprecedented claim for negligent parental supervision in this case.
Not only the complaint, but also the parties’ pretrial discovery, suggest that the plaintiff did not in fact intend to plead or present at trial such a theory of recovery. Included in the plaintiff’s interrogatories and requests for admissions were several questions dealing with the defendant’s conduct in leaving his children alone in a parked car. The defendant objected to two interrogatories and one request for admission on the ground that the information sought by the plaintiff was irrelevant to the subject matter of the lawsuit. The plaintiff failed to request additional answers or discovery sanctions, or to respond in any way to the defendant’s objections.
There is also no indication that the parties ever expressly or impliedly consented to the trial of the issue of negligent parental supervision, or recognized such a theory as a basis for recovery. The primary method of raising and preserving an issue in a district court civil trial is by filing a request for ruling of law addressed to such issue. Mass. R. Civ. P., Rule 64A. See also Worcester City Nat'l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Reid v. Doherty, 273 Mass. 388, 389 (1930); Sellars v. Shaughnessy Crane Service, Inc., 1988 Mass. App. Div. 42. It is significant that not a single one of the plaintiff’s twenty-four requests for findings of fact and rulings of law, nor of the defendant’s thirty-seven requests for findings and rulings, submitted at the conclusion of trial raised any issue or referred in any way to negligent parental supervision. The fact that testimony was introduced at trial without objection by the defendant as to his conduct in leaving his children unattended in the double-parked car does not establish his implied consent to the trial of the issue of negligent parental supervision in the absence of some indication that the defendant understood that the evidence “was aimed at the unpleaded issue.” Harrington-McGill v. Old Mother Hubbard Dog Food Co., 22 Mass. App. Ct. 966, 968 (1986). The testimony in question was admissible as evidence of the circumstances surrounding the plaintiff’s accident and of the defendant’s negligence in double-parking his car as alleged in the complaint. See Hamed v. Fadili, 27 Mass. App. Ct. 234, 241 (1989).
Where, as in the instant case, the evidence suggests an issue to the trial judge which has not been affirmatively pleaded or clearly recognized and presented by the parties, the proper course for the trial judge is to “notify counsel of his concerns and permit counsel to present evidence on the question which the judge perceives to be dispositive.” Messina v. Scheft, 20 Mass. App. Ct. 945, 946 (1985). See also National Medical Care, Inc. v. Zigelbaum, 18 Mass. App. Ct. 570, 579 (1984). An appellate court may also remand an action for further proceedings to afford the parties an opportunity to try an issue upon which the trial judge has elected to base his decision. See Harrington-McGill v. Old Mother Hubbard Dog Food Co., supra at 969; Messina v. Scheft, supra at 946. We adopt that approach here and order this action returned for a new trial on the issue of the defendant’s liability for negligent parental supervision.
3. In ordering a new trial, we necessarily reject the defendant’s contention that Massachusetts law precludes recovery on claims by a child against his parents for negligent supervision. Despite the novelty of such a cause of action, the defendant’s argument is not an accurate statement of either existing case law or continuing developments in the law of negligence in this Commonwealth.
*125 In Sorenson v. Sorenson, 369 Mass. 350 (1975), the Supreme Judicial Court abrogated the principle of parent-child immunity in motor vehicle tort actions to the extent of available insurance coverage. Id. at 352-353. Fifteen years later, in Stamboulis v. Stamboulis, 401 Mass. 762 (1988), the Court held that ‘‘no absolute curtain of immunity protects a parent who negligently causes injury to his or her minor child,” Id. at 765, and that the abolition of parental tort immunity was neither limited to motor vehicle tort actions alone, Id. at 764-765, nor logically dependent on the existence of insurance in a given case. Id. at 763 n. 4. See also Hahn v. Berkshire Mut. Ins. Co., 28 Mass. App. Ct. 181, 183 (1989). While the Court expressly left open the specific question of a child’s right of recovery against a parent for negligent supervision,[4] the Court acknowledged the trend toward complete abrogation of parent-child immunity as approved by the RESTATEMENT (SECOND) OF TORTS §895G(1) (1979). Decisions subsequent to Stamboulis continue to reflect the Supreme Judicial Court’s “rejection of parental status as a conclusive factor in deciding a liability question,” Id. at 763-764 in actions for injuries to une-mancipated children.[5]
The evolution in the law of negligence embodied in Stamboulis reflects not only the abandonment of outdated family immunity concepts, but also the re-affirmation of fundamental tort principles. The very essence of tort law is the indemnification of the injured party by providing compensation for those injuries or losses proximately cased by the act of another. Sawash v. Suburban Welders Supply Co., 407 Mass. 311, 317 (1990); Porter v. Sorell, 280 Mass. 457, 463 (1932). Analytically, a child is no less entitled to compensation for injuries sustained than is an adult. As the Supreme Judicial Court emphasized more than twenty years ago, “if there is tortious injury there should be recovery,” Lewis v. Lewis, 370 Mass. 612, 629 (1976), and “[cjhildren enjoy the same right to protection and legal redress for wrongs done them as others enjoy.” Sorenson v. Sorenson, supra at 360. See also Ferriter v. Daniel O’Connell’s Sons, Inc., 381 Mass. 507, 516 (1980).
4. A cause of action by an injured child for negligent parental supervision is thus logically consistent and conceptually compatible with existing Massachusetts law which recognizes a child’s right to legal redress in tort and which has abolished absolute parental immunity in negligence actions. Moreover, the arguments of past decades customarily marshalled in opposition to such a cause of action are no longer compelling.
Chief among such arguments is that a child’s suit against a parent for negligent supervision would foster family discord. Yet the Supreme Judicial Court has already rejected the outdated policy expressed in Luster v. Luster, 299 Mass. 480 (1938) and earlier cases that a “scrupulous regard for the integrity, harmony and *126 continuity of the family necessitates denial of tort recovery to a child injured in an automobile accident,” Sorenson v. Sorenson, supra at 359, recognizing that “ [t] o hold that minors’ pains must be endured for the peace and welfare of the family is something of a mockery.” Id. at 360. Indeed the injury to the child is itself the disruptive act which tears the fabric of a family relationship, Falco v. Pados, 282 A.2d 351, 355 (Pa. 1971), and prohibiting legal redress and compensation for that injury will hardly result in a restoration of family harmony. Peterson v. Honolulu, 462 P.2d 1007, 1009 (Hawaii 1970); Gibson v. Gibson, 479 P.2d 648, 651 (Ca. 1971); M.J. Rooney & C.M. Rooney, Parental Tort Immunity: Spare the Liability, Spoil the Parent, 25 New Eng. L. Rev. 1161 (1991). It may even be argued that family tranquility is less likely where a child’s injury remains uncompensated. Broadbent v. Broadbent, 907 P.2d 43, 48 (Ariz. 1995); Hartman v. Hartman, 821 S.W. 2d 852, 854-855 (Mo. 1991). Moreover, the degree of discord may be less in negligence actions where an adverse judgment may be satisfied by a parent’s insurance carrier. Elam v. Elam, 268 S.E. 2d 109, 111 (S.C. 1980). And family discord in any form has never been cited as a justification for precluding the tort actions between parent and child presently allowed in probate or contract.
It has also been suggested that permitting an action by a minor for negligent parental supervision will encourage fraudulent or collusive claims. However, the “possibility of fraud or perjury exists to some degree in all cases. But we do not deny a cause of action to a party because of such danger.” Gibson v. Gibson, supra at 651-652. Judges and juries are constantly called upon to distinguish between the frivolous and the substantial, the fraudulent and the meritorious. Falco v. Pados, supra at 356. Given an appropriate, workable standard of parental due care (see discussion, infra), the proper disposition of a negligent supervision claim against a parent would prove no more onerous than the ordinary case by case adjudication of all tort claims.
5. There can be, of course, no dispute that the parent-child relationship is unique and that traditional concepts of negligence cannot be “blindly applied.” Gibson v. Gibson, supra at 652. Characteristic of the autonomous relationship of a parent and child is the singular authority of the parent to assess the daily risks and opportunities which are confronted and to make choices regarding appropriate and reasonable conduct for the child. Comment, In Whose Best Interest? Exploring the Continuing Viability of the Parental Immunity Doctrine, 53 Ohio St. L. J. 1111, 1127 (1992). It is the parent who enjoys both the prerogative and the duty to exercise authority over his or her minor child. It is indeed often an exaggerated fear of an unwarranted or limitless judicial intrusion into this fundamental parental sphere that drives the engine of opposition to any recognition of a cause of action for negligent parental supervision.
Yet society clearly recognizes that parental discretion is not absolute, and that parental prerogatives are subject to reasonable limits in the best interest of protecting both the child and others.[6] Thus the question of parental liability for negligent supervision is simply one of striking a proper balance between the autonomous parent-child relationship and the right of an injured child to receive compensation. Id. at 1127. With respect to this difficult balancing of interests, the Supreme Judicial Court has stated that the focus should be on the duty of care to be utilized in deciding a minor child’s negligence claim against a parent. Stamboulis v. Stamboulis, supra at 765. This directive requires the adoption of a general standard of care for parents, as opposed to the retention or creation of different *127 forms of limited immunity for discretionary parenting functions. Compare Gibson v. Gibson, supra, with Goller v. White, 122 N.W. 2d 193, 198 (Wis. 1963).[7]
It would appear that the standard most properly and readily applied in assessing parental care and supervision is the traditional test of reasonableness, viewed in the context of the parental role. The test is what an ordinarily reasonable and prudent parent would have done in similar circumstances.[8] Gibson v. Gibson, supra at 653. The adoption of a reasonable parent standard will adequately protect functions which are parental in nature while at the same time recognize that parental authority must be exercised within reasonable and appropriate limits. Anderson v. Stream, 295 N.W. 2d 595, 598 (Mn. 1980); Broadbent v. Broadbent, supra at 49; Note, The “Reasonable Parent” Standard: An Alternative to Parent-Child Tort Immunity, 47 U. Col. L. Rev. 795, 808 (1976). The standard is sufficiently flexible to accommodate disparate’child-rearing practices, yet will protect children from negligent parental excesses. Hartman v. Hartman, supra at 857; Comment, Parent-Child Torts in Texas and the Reasonable Prudent Parent Standard, 40 Baylor L. Rev. 113 (1988). Mere mistakes or misjudgments would not ordinarily be actionable, see Peterson v. Summit Fitness, Inc., 920 S.W. 2d 928, 936 (Mo. 1996), and the broad discretion appropriately allowed a parent in permitting his child to undertake responsibility and gain independence would not be affected. “The standard of reasonable care under the circumstances is well understood in tort law and does not require parents to meet an idealized standard of a father or mother.” Hartman v. Hartman, supra at 857.
Accordingly, the trial court’s judgment for the plaintiff is hereby vacated. This case is returned to the East Boston Division for a new trial on the issue of the defendant’s liability for negligent parental supervision in accordance with this opinion.
So ordered.

 Defendant Voong never responded to the lawsuit, and the plaintiff voluntarily dismissed his claim against Voong at the time of trial.

 The defendant’s appeal is not interlocutory in the technical sense because the trial court clerk entered judgment pursuant to Rule 58 as ordered by the court. The defendant then filed a timely notice of appeal within ten days of the entry of that judgment as he was required to do by Dist./Mun. Cts. RADA, Rule 4(a). However, it is clear that neither the court, nor the parties, envisioned that this judgment would be final. Subsequent to judgment entry, the plaintiff filed motions for an assessment hearing and for the amendment of his complaint to include a count for negligent supervision. The trial judge conducted a hearing on the motions, denied as unnecessary the plaintiff s amendment request and stayed the assessment of damages pending this appeal.

 Stamboulis was an action in negligence on behalf of a three year old child against her mother for injuries sustained when the child caught her hand in an electric pizza dough rolling machine. The mother had taken the three year old child to the pizzeria she operated, permitted her to place dough in pizza pans and then left the child unattended to answer the telephone. The Court nevertheless stated that it took no view on a child’s recovery for negligent parental supervision because the question was neither considered by the trial court, nor appropriately analyzed on the summary judgment motion at issue on appeal. Id. at 763 n. 3.

 See, e.g., Phinney v. Morgan, 39 Mass. App. Ct. 202 (1995) (assumption that complaint by adult children against mother for negligent and intentional infliction of emotional distress for mother’s failure to protect them during their minority from father’s sexual abuse stated a cognizable cause of action); Ankiewicz v. Kinder, 408 Mass. 792 (1990) (third-party complaint by residential property owners for contribution against mother for negligently permitting the plaintiff, her six year old son, to ingest lead paint).

 It should be noted that the Supreme Judicial Court has already recognized liability for negligent parents supervision in cases involving a third party’s claim for acts by the child. Alioto v. Marnell, 402 Mass. 36, 38 (1988); Watson v. Salvoni, 27 Mass. App. Ct. 735, 738 (1989).

 As the RESTATEMENT (SECOND) OF TORTS §895G (1979) makes clear, the adoption of a reasonably prudent parent standard seems more appropriate than the granting of a categoric immunity for certain types of parental activities regardless of the blatancy of a parent’s negligence or the willfulness of a parent’s injurious actions in the course of such activities.

 As in any other negligence action, the test of what an ordinarily reasonable or prudent parent would have done in a similar situation requires consideration of all relevant circumstances. In the instant case, evidence material to any determination of the defendant’s breach of the duty of care owed by a reasonable parent would include information pertaining not only to the young plaintiff (e.g., his relative maturity and sophistication at the time in question, his familiarity with the street and neighborhood and his past experience with unsupervised play in the area), but also to the particular accident scene (e.g., layout of the street and sidewalks, volume of traffic, presence of other adults in the area, customary practice of children playing in that location).