ANGELA NORTON *vs.* M. CLAY VAUGHAN & another. May 20, 1982. This is an action for medical malpractice alleged to have occurred prior to January 1, 1976, the effective date of G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5. On June 12, 1981, pursuant to a "Notice to the Bar" issued by a judge of the Superior Court, a "litigation control confer-

ence" was held by him.  The authority for such a conference is to be found in Mass.R.Civ.P. 16, 365 Mass. 762 (1974), and Rule 27 of the Superior Court (1974).  At that conference the plaintiff presented to the court a memorandum of the kind called for in the notice to the bar.  On the basis of that memorandum the judge concluded that "there is no anticipated evidence that the treatment by [the defendant] Dr. Vaughan was either negligent or causally related to the subsequent condition of the plaintiff." He then ruled that "a motion to dismiss is in order," and allowed the defendant's oral motion to dismiss.  A judgment was entered pursuant to Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974).  The plaintiff filed a timely notice of appeal.

There was no error in the dismissal.  The plaintiff does not argue, and thus we do not decide, the question whether the judge was without authority to dismiss the action after this pretrial conference.  She argues only that sufficient evidence was proffered to warrant the case going to trial.  It is undisputed that the plaintiff received a burn injury to her lower leg and ankle and was treated for this injury by Dr. Vaughan at Beth Israel Hospital.  The plaintiff's memorandum stated that medical experts would have testified that a cast was applied to her lower leg to treat her condition; that the plaintiff developed an irritation from the upper edge of the cast; that infection resulted, requiring an incision and drainage below the knee; and that the plaintiff developed weakness and numbness in the leg. However, the plaintiff conceded that there would be no expert testimony that the application of a cast for the burn injury was not proper treatment, nor testimony that an improper application of the cast caused the irritation.  This was not an "exceptional" case "where the negligence and harmful results are sufficiently obvious as to lie within common knowledge" (*Lynch* v. *Egbert,* 360 Mass. 90, 92 [1971], quoting from *Haggerty* v. *McCarthy,* 344 Mass. 136, 139 [1962]), and therefore the plaintiff could not have prevailed at trial without this expert testimony on the issues of negligence and causation.  *Haggerty, supra.  Lynch, supra.*

The judge pointed out at the conference that the plaintiff's evidence lacked "anything that indicates a failure on the part of [the defendant] to apply the skill and care a reasonable practitioner would apply given the state of medical knowledge in 1974."  To this the plaintiff's attorney replied, "You are correct, your Honor.  There is no direct testimony that will be presented to that effect.  The main problem . . . is that our client is adamant that it go forward."  Having failed to show why she should not be bound by this admission, the plaintiff is bound (*Mitchell* v. *Walton Lunch Co.,* 305 Mass. 76, 80 [1940]), and the evidence, viewed in the light most favorable to the plaintiff, required judgment for the defendant.

*Judgment affirmed.*

*Richard H. Gens* for the plaintiff.
*Jacob J. Locke* for the defendants.