ROBERT P. HAWCO vs. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. November 4, 1986. *Practice, Civil,* Verdict, Special questions to jury, Findings by judge. *Negligence,* Trespasser, One owning or controlling real estate. *Wilful, Wanton or Reckless Conduct.*

The plaintiff was a victim of criminal conduct by third persons at the defendant's Sullivan Station. The plaintiff, a paying bus passenger, arrived at the station at approximately 4:42 A.M. in order to take a train to Dorchester. The plaintiff was left off on the lower level of the station. As the bus driver pulled away from where he left the plaintiff, the driver saw someone "ducked down" behind the collector's booth in the station. The plaintiff was less than ten feet away but the driver did not warn the plaintiff that there might be a burglary in progress inside the station. The driver did call the defendant's dispatcher and reported the burglary. The driver continued on his route after being told the MBTA police were on the way. Approximately twenty minutes later, the driver, on his return trip, discovered the plaintiff bleeding inside the station.

The case was submitted on special verdict interrogatories pursuant to Mass. R. Civ. P. 49 (a), 365 Mass. 812 (1974). The judge instructed the jurors to answer every question. The jury found that the defendant was negligent and that its negligence proximately caused the plaintiff's injuries. The jurors further determined that the plaintiff was a trespasser at the time of his injury. Pursuant to the jury's answers, the judge entered a judgment for the defendant. See *Schofield* v. *Merrill,* 386 Mass. 244 (1986).

On appeal; the plaintiff argues that he was in a "known position of peril," that the defendant's negligence was "active," and that the defendant owed him a duty of reasonable care because it relied on its own police force. The issues raised by the plaintiff, however, were not the subject of special verdict interrogatories and hence are not properly before us on appeal. The plaintiff did not request a special verdict interrogatory on the duty of a common carrier at the time the plaintiff was on the platform after disembarking. Pursuant to rule 49 (a), failure to ask that an issue be submitted to the jury by a special verdict interrogatory is a waiver of jury trial on the issue or issues omitted. Mass. R. Civ. P. 49 (a). See 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2507, at 502 (1971 & 1985 Supp.). Further, if the judge fails to make an express finding on an omitted issue, he "shall be deemed to have made a finding in accord with the judgment on the special verdict." Mass. R. Civ. P. 49 (a). 9 C.A. Wright & A.R. Miller, *supra* at 505. Therefore, under the rule we assume that the judge made findings in accordance with the judgment. We do not set aside findings unless they are "clearly erroneous." Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974). See *Freyermuth* v. *Lutfy,* 376 Mass. 612, 615 (1978). On disputed evidence we cannot so conclude.

The plaintiff also asserts that he was a lawful visitor. The jury, however, found the plaintiff was a trespasser at the time of his injury. We do not review facts found by the jury. We must accept the fact that the plaintiff was a trespasser. The plaintiff did not ask the judge to put to the jury any question concerning the possible liability of the defendant if the jury should find that the plaintiff was a trespasser at the time of his injury.

Last, there was no error in directing a verdict for the defendant on the count alleging wilful and wanton conduct. "The essence of wanton or reckless conduct is intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another." *Commonwealth* v. *Welansky*, 316 Mass. 383, 399 (1944). Viewed in the light most favorable to the plaintiff, the defendant's conduct did not "display[ ] the . . . quality involved in wilful, wanton or reckless conduct." *Carroll* v. *Hemenway*, 315 Mass. 45, 47 (1943). See *Mounsey* v. *Ellard*, 363 Mass. 693 (1973).

*Judgment affirmed.*

*Gerald M. Coakley* (*Stephen Wright* with him) for the defendant.
*Chester L. Tennyson, Jr.*, for the plaintiff.

