EDWARD VELLECA, JR. *vs.* UNIROYAL TIRE COMPANY, INC.,
& another.[1]

No. 92-P-1301.

Suffolk. November 16, 1993. - March 21, 1994.

Present: JACOBS, GILLERMAN, & PORADA, JJ.

*Practice, Civil,* Special questions to jury, Instructions to jury, Findings by
judge, Consumer protection case. *Warranty. Uniform Commercial
Code,* Warranty. *Waiver. Consumer Protection Act,* Availability of
remedy.

At the trial of a civil action in which special questions were submitted to
the jury but two questions of fact were omitted, findings on the omitted
questions were deemed to have been made in accordance with the judg-
ment that entered, in accordance with the procedure set forth in
Mass.R.Civ.P 49 (a); where the findings were not clearly erroneous, the
judgment would stand. [251]
In a civil action in which the jury found the defendants liable for breach of
warranty in the design and manufacture of a tire and tire rim and
awarded damages, the judge's findings on the plaintiff's G. L. c. 93A
claim, although inconsistent with the jury's findings, were not clearly
erroneous and would stand. [251]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 9, 1987.

The case was tried before *Hiller B. Zobel*, J.

*Andrew D. Nebenzahl* for the plaintiff.

*Michael T. Gass* for the defendant.

GILLERMAN, J. The plaintiff was severely injured when he
attempted to inflate a 16-inch tire mounted on a 16.5-inch
rim. He brought suit against the rim manufacturer, Kelsey-
Hayes Company, and the tire manufacturer, Uniroyal Tire
Company, Inc., claiming breach of warranty in the design

---

[1]Kelsey-Hayes Company.

and manufacture of the tire and rim. The plaintiff also brought a claim under G. L. c. 93A.

After a twelve-day trial,[2] the judge submitted the breach of warranty claims to the jury upon special questions. The jury, finding the defendants liable for breach of warranty, awarded the plaintiff $500,000 in damages. The defendants appeal, claiming that upon the answers of the jury to one of the special questions (quoted below), the defendants were entitled to judgment as matter of law. The plaintiff cross-appeals from the judge's refusal to award c. 93A damages. We affirm.

1. *Correia affirmative defense to breach of warranty.* In response to special questions 1 though 7(b), the jury found that the defendants had breached their warranties of merchantability with respect to the design of the tire and the rim and that the defects had proximately caused the plaintiff's injuries. Of particular importance is question number seven:

> "7. Which, if any, of the following was a substantial factor in causing the incident of October 16, 1984?
>
> a. Unfitness of the tire
>
> b. Unfitness of the rim
>
> c. Mr. Velleca's act or failure to act?
>
> d. Other"

In instructing the jury in regard to question 7(c), the judge added the following statements, see Mass.R.Civ.P 49(a), 365 Mass. 812 (1974),[3] with regard to question 7(c): "With respect to Mr. Velleca's act or failure to act, that is when you're evaluating whether or not Mr. Velleca's act or failure to act was [a] factor, a substantial factor, what you have to

---

[2]The entire transcript of the trial is not before us. The appendix consists of selected portions of the transcript.

[3]We view the special questions in light of the judge's instructions. See *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 802 (1987).

consider was whether or not Mr. Velleca knew of the existence of the danger and whether he understood and appreciated its magnitude, its seriousness, and whether he understood and appreciated its unreasonable character . . . With respect to (c), the defendant has the burden of persuading you." There was no objection to this instruction.

The jury answered question 7(c)[4] in the affirmative, and the judge declined the defendants' motion to enter judgment for the defendants. The defendants argue that "because the Court's charge to the jury on Special Question 7(c) clearly instructed the jurors to consider each element of the conscious misuse defense, the Court must assume that the jury found that the affirmative defense had been proven when it responded in the affirmative." By "conscious misuse defense" the defendants evidently intended to refer to *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342 (1983).

To bar warranty recovery by the plaintiff, the *Correia* doctrine[5] required a finding by the fact finder that Velleca "unreasonably . . . use[d] a product which he [knew] to be defective and dangerous." See *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. at 355, 357. The difficulty here is that two essential elements of the doctrine were never given to the jury for their findings. First, we have emphasized that the defendant must prove *both* that the plaintiff knew of the product's defect *and* that he knew the danger created by the defect. *Goulet* v. *Whitin Mach. Works, Inc.*, 30 Mass. App. Ct. 310, 314 (1991) ("The jury must first determine whether the plaintiff knew that the machine was defective. Next, the jury must determine whether the user knew . . . that the defect . . . created a danger to the user"). Knowledge that a product is dangerous, standing alone, is not enough. Without a defective product the defendant cannot be held liable, and without proof that the user knew of that defect and that the defect created a danger to himself, there is no basis for ap-

---

[4]The jury also answered 7(a) and (b) in the affirmative.

[5]In *Colter* v. *Barber-Greene Co.*, 403 Mass. 50, 60 n.12 (1988), the court described the holding in *Correia* as "the *Correia* doctrine or the doctrine of unreasonable use."

plying the *Correia* doctrine. See *Allen* v. *Chance Mfg. Co.*, 398 Mass. 32, 34 (1986). The judge's instructions failed to point out that the jury were obliged to determine whether the plaintiff *knew* that the product was defective.[6]

Second, the judge's instructions failed to inform the jury that if the jury determine that the plaintiff knew the tire and rim were defective and dangerous, the jury must also determine whether the plaintiff's use of the defective and dangerous products was unreasonable. *Correia* at 355, 357.

The defendants argue that counsel and the judge intended question 7(c) to refer to the *Correia* doctrine. Even if so,[7] that understanding is of no importance; what matters is what the jury could reasonably understand from the special question and the instruction given them by the judge. As to that there is no doubt. Essential elements of the *Correia* doctrine were omitted, and the defendants failed to bring that fact to the judge's attention.

Before the jury were discharged, counsel for the defendants brought to the judge's attention their argument that the jury's answer to question 7(c) was conclusively in their favor as to the *Correia* issue, and the jury's answer to question eight[8] presented an inconsistency. On that basis, the defendants moved "to have the matter of the inconsistency between the answer to question 7(c) and the answer to question 8 recommitted to the jury." The motion was denied. The defendants did not demand that the judge submit to the jury the omitted questions: did the plaintiff *know* that the tire and rim (which the jury had found were "unfit") were defective as well as dangerous? And did the plaintiff, knowing of the

---

[6]Whether the products were defective is not at issue; the jury so found in answer to the previous special questions. The issues at hand are whether the plaintiff was aware of the defect, and whether, knowing of the defect and the danger, he unreasonably used the products.

[7]It is not clear what was intended. Neither the verdict slips nor the judge's instructions to the jury pointed out that if the jury answered question 7(c) in the affirmative they need not answer question 9 regarding the plaintiff's damages, and the defendants did not object to the judge's failure to give such an instruction.

[8]Question 8 inquired whether the plaintiff's act or failure to act was "the only cause of the incident." The jury replied, "no."

defective and dangerous conditions of the tire and rim, unreasonably use such products?

Massachusetts R.Civ.P 49(a) provides that when special questions are submitted to a jury, and a question of fact is omitted, and the jury has been discharged, the right to trial by jury as to such issue is waived. The trial judge may make a finding on that issue, failing which the court "shall be deemed to have made a finding in accord with the judgment on the special verdict." Since the judge entered a judgment in favor of the plaintiff, he is deemed to have made either (or both) of the omitted findings in accordance with the judgment — that the plaintiff did not know that the products were defective, and that the plaintiff did not use the two products unreasonably. Since those findings were not clearly erroneous the judgment must stand.[9] The same principles were applied in *Hawco* v. *Massachusetts Bay Transp. Authy.*, 398 Mass. 1006 (1986).

2. *General Laws c. 93A liability.* The judge found, contrary to the jury's findings, that the plaintiff failed to prove that the tire and rim introduced in evidence were those involved in the accident. He also concluded that the sole cause of the accident was the plaintiff's "mishandling of the tire, the rim, and equipment he was using in his attempt to put the tire on the rim." These findings, although inconsistent with those found by the jury, are not clearly erroneous and must stand. See *Chamberlayne Sch. & Chamberlayne Jr. College* v. *Banker*, 30 Mass. App. Ct. 346, 354-355 (1991); *Wyler* v. *Bonnell Motors, Inc.*, 35 Mass. App. Ct. 563, 567 (1993). The plaintiff's contrary arguments, which we have reviewed, have no merit.

*Judgments affirmed.*

---

[9]The result we reach is the same as that implicit in the jury's finding of damages: that the defendants had not succeeded in their defense to the plaintiff's claim.