Welsh, J.
This is a civil action in which a distributor of petroleum products (Mutual) sought recovery for money paid to a retail service station (AA. Sunoco) as a signing bonus under a “Branded Sales & Security Agreement.” The retailer counterclaimed, contending that the distributor breached the contract, made material misrepresentation of that and was guilty of unfair and deceptive business practices.
The trial judge determined that the distributor was in breach by reason of failure to pay the signing bonus in a timely manner and by not paying a $1,600 mortgage installment for the retailer, as agreed. The judge also determined that since the contract had been terminated by the retailer before its starting date, the $20,000 signing bonus ought to be returned, in equity and good conscience, to the distributor even though the court decided that the distributor had breached the contract. Accordingly, he awarded $20,000 to the distributor and $1,600 for the mortgage installment to the retailer.
There was no error.
1. Restitution is not necessarily denied to a party in breach of a contract where *177 the retention of a benefit by the non-breaching party would amount to unjust enrichment. RESTATEMENT OF CONTRACTS, SECOND, §374(1); RESTATEMENT OF RESTITUTION, §108 (b); CORBIN, CONTRACTS, §1124. In this case the judge found that retention of the $20,000 signing bonus by the retailer where the contract was terminated before its starting date was inequitable in view of the relatively small damages incurred by the retailer due to the distributor’s (i.e. Mutual) breach. That finding cannot be pronounced clearly erroneous and will not be disturbed on appeal as it is supported by a rational view of the evidence. As the commentary to the RESTATEMENT OF CONTRACTS observes, it is often unjust to permit the injured party to retain the entire benefit of the part performance rendered by the party in breach without paying anything in return. The party in breach is, of course, liable for the loss caused by its breach. The trial judge clearly recognized this by awarding damages for failure to make the mortgage payment as agreed upon in the contract. The benefit received substantially exceeded the loss resulting in a disproportionate windfall to the retailer. The judge properly concluded that the distributor had the right to recover the excess by way of restitution. See A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 675-676 (1956).
2. The judge was not required to find that Mutual made an actionable misrepresentation to the retailer. Rarely can it be said that a party having the burden of proof in a matter dependent upon oral testimony is entitled to a finding in its favor as a matter of law. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943). The trial judge expressly found that no actual damages were shown as a result of the alleged misrepresentation. The existence of and amount of damages are questions of fact for the judge. We perceive no abuse of discretion in the judge’s determination that there was no damage. Bartley v. Phillips, 317 Mass. 35, 42 (1944). The complaining party must establish its claim upon a solid foundation of fact and cannot recover when any essential element is left to conjecture, surmise or hypothesis. John Hetherington & Sons, Inc. v. William Firth Co., 210 Mass. 8, 22 (1911).
3. Under the “Notice” pleading system in the Rules of Civil Procedure, it is not necessary to state formally a “cause of action,” so long as the pleader sets forth facts sufficient to put the other party on notice of the claim and the relief sought. It was not required to state in haec verba that relief was being sought “for money had and received,” since fair notice was given that restitutionary damages were sought.
4. The distributor (Mutual) claims that the judge erred in excluding certain evidence proffered on the issue of computation of damages. Normally, the proponent of evidence on direct examination is required to make an offer of proof to demonstrate prejudice in the exclusion of the evidence sought to be introduced. Mazaro v. Paull, 372 Mass. 645, 652-653 (1977). Furthermore, the evidence appears to be cumulative. We conclude that the appellant failed to demonstrate prejudicial error.
5. We reiterate what has often been said before. The focus of appellate review under the Rules of Appellate Division Appeals remains the judge’s rulings of law. The appealing party bears the responsibility of preserving his right of appellate review by filing for requests for rulings of law or other appropriate procedural mechanism. These must be included in the record. The notice of appeal fails to specify which rulings are the basis for appeal (See Macone Brothers, Inc. v. Strauss, 1997 Mass. App. Div. 95), nor do the briefs discuss the requests for rulings. In the absence of an appeal of requests for rulings keyed to the sufficiency of evidence on the crucial factual issues in the case, it is not the province of the Appellate Division to make a determination of such factual issues independently of the trial judge. Reid v. Doherty, 273 Mass. 388, 389 (1930).
The appeal is dismissed.
So ordered.