Toomey, J.
BACKGROUND
This complaint for G.L.c. 93A relief arises as an adjunct to a products liability action brought by plaintiff Robert Roth (“Roth”) against defendants Daimler Chrysler Corporation (formerly known as Chrysler Corporation) (“DCC”), Sports Car Club of America, Inc. (“SCCA, Inc.”) and Sports Car Club of America Enterprises, Inc. (“Enterprises”) (collectively “defendant corporations”).
On April 21, 1991, Roth, while participating in an amateur sports car race, suffered injuries caused by an accident in which the rear of his Spec Racer struck the wall of the race track. Roth sustained a severe cervical burst fracture that rendered him a quadriplegic. Renault Jeep Sport (corporate predecessor to DCC) (“RJS”) manufactured the Spec Racer that Roth operated on the date of the accident. SCCA mandated specifications for the Spec Racer and regulated any post-manufacture modifications. SCCA’s approval was a condition precedent to the implementation of any modifications to the Spec Racer. Enterprises, in an addendum to the original contract between RJS and SCCA, assumed all rights and responsibilities for the contract, thereby acquiring SCCA’s obligation to warn purchasers of any defects involving the Spec Racer.
PRIOR PROCEEDINGS
On March 15, 1994, Roth filed suit against DCC, SCCA and Enterprises alleging claims of negligence, breach of warranty, and violation of G.L.c. 93A. Roth alleged that DCC and SCCA breached implied warranties of merchantability and fitness for a particular purpose in connection with the Spec Racer and that SCCA and Enterprises failed to issue adequate warnings of known hazards in the Spec Racer’s design. Specifically, Roth claimed that RJS designed and built his Spec Racer with a defective and unreasonably dangerous headrest assembly, crush zone and driver restraint system. With respect to the causation element, Roth alleged that, had RJS and SCCA properly designed the Spec Racer and had SCCA and Enterprises issued appropriate warnings, he would not have suffered the cervical burst fracture and the resulting paralysis.
A jury was impaneled and trial was had from May 3, 1999toJune3, 1999. This Court reserved the G.L.c. 93A claims against DCC and SCCA for its determination. At the conclusion of the trial, the jury returned a verdict in favor of the defendant corporations. The jury, however, in its answers to specific questions, found SCCA negligent in failing to discover and warn Roth of design defects in the Spec Racer.[1]
DISCUSSION
SCCA and DCC now argue that Roth’s G.L.c. 93A claim must fail because the jury found for SCCA and DCC on the underlying products liability claims. Roth, on the other hand, argues that the jury’s verdict in favor of SCCA and DCC does not compel this Court to find for SCCA and DCC on the G.L.c. 93A claim. Roth has the better of that argument. When a judge reserves a G.L.c. 93A issue for his determination, he or she is not bound by the jury’s decision on common law claims that arise from the same facts as the c. 93A claim. “Although consistency and principles analogous to issue preclusion have a surface appeal, we think the broader scope and more flexible guidelines of c. 93A . . . permit a judge to make his or her own decisions under c. 93A without being constrained by the jury’s findings.” Chamberlayne School v. Banker, 30 Mass.App.Ct. 346, 354-55 (1991); see also, Ravasa v. Zais, 40 Mass.App.Ct. 47, 54 (1996); Velleca v. Uniroyal Tire Co., 36 Mass.App.Ct. 247, 251 (1994). This court is, therefore, not shackled, in its G.L.c. 93A analysis, by the jury’s verdict in favor of defendants.
The regulations promulgated by the Attorney General pursuant to G.L.c. 93A, §2(c), establish that, “the fail(ure) to perform or fulfill any promises or obligations arising under a warranty” may constitute an unfair or deceptive act or practice in violation of G.L.c. 93A. 940 CMR §8.01(27). Additionally, Massachusetts appellate courts have recognized that a breach of implied warranty of merchantability may give rise to a finding of an unfair and deceptive act or practice. Maillet v. ATF-Davidson Co., 407 Mass. 185 (1990); Burnham v. Mark IV Homes, Inc., 387 Mass. 575 (1982); Lynn v. Nashaway, 12 Mass.App.Ct. 310 (1981). For such a breach to be G.L.c. 93A violative, however, the finder of fact must conclude that the failure to comply with the warranty was substantial and material. Giannasca v. Everett Aluminum, Inc., 13 Mass.App.Ct. 203 (1982). While it might be that the breach suggested at bar was “material” in the sense that it related to the “construction durability, reliability .. . safety, strength [and] condition ... of such product,” 940 CMR 3.05(1), this court is not persuaded that the breach, if any, was “substantial.”
Roth maintains that the alleged breaches — to wit, the manufacture and sale of an unreasonably dangerous and defective product, the failure to warn of known defects, and the purposeful omission to correct *225 design defects — were unfair or deceptive acts or practices. Specifically, Roth focuses upon the headrest pad and its bolts, the driver restraint system and its locus in the cockpit, and the crush zone.
This Court will assume, arguendo, that DCC and SCCA breached warranties to Roth in connection with those items. The Court is unwilling, however, to conclude, on the evidence before it, that the breaches were of sufficient gravity to constitute an unfair or deceptive act or practice within the contemplation of G.L.c. 93A. The injury to Roth was indisputably catastrophic, but the conduct of defendants alleged to be actionable was de minimus in character. One of the principal functions of G.L.c. 93A is to even the playing field for commercial transactions in which a party possesses inherent advantages potentially harmful to a less well positioned party. In the circumstances described by the evidence at bar, defendants did not employ their superior station to exact unfair advantage of Roth nor was he, as an experienced race driver conversant with tearing down and rebuilding his vehicle, wholly without those resources necessary for self-protection. The facts adduced at trial do not describe the imbalance that G.L.c. 93A was designed to remedy. See Mechanics National Bank of Worcester v. Killeen, 377 Mass. 100, 110 (1979). Neither negligence nor breach of warranty is, without more, an unfair or deceptive act or practice. Squeri v. McCormick, 32 Mass.App.Ct. 203, 207 (1992); Madan v. Royal Indemn. Co., 26 Mass.App.Ct. 756, 762 (1989). That “more” does not appear at bar.
Furthermore, even if we accept, again arguendo, the proposition that DCC and SCCA acted in a manner that was unfair or deceptive, the Court is unpersuaded by the evidence that either Roth’s injuries were foreseeable by defendants or that defendants’ conduct was a substantial contributing cause of injury to Roth. See Kohl v. Silver Lake Motors, Inc., 369 Mass. 795, 800-01 (1976).
CONCLUSION
The injuries suffered by Roth were indeed devastating and are entitled to no small measure of sympathy and compassion. Nevertheless, the totality of the evidence at bar does not demonstrate that the acts or practices of DCC and SCCA were unfair or deceptive, as those terms are employed in G.L.c. 93A, or were the legal cause of Roth’s injuries. For that reason, judgment shall enter for defendants upon Counts V and VI of the Second Amended Complaint.

Although the jury concluded that SCCA was negligent, the jury also found a lack of sufficient causal nexus between SCCA’s negligence and Roth’s injury. Accordingly, the jury's verdict favored SCCA.