Josephson, J.
The plaintiff, Duct and Vent Cleaning of America (“Duct and .Vent”), and the defendant, James Van Houten (“Van Houten”), in the above-entitled matter, have brought various post-verdict motions. On October 28, 1999, the jury rendered its verdict on all claims. On Duct and Vent’s claims against Van Houten, the jury found that Van Houten violated the one-year non compete clause of his employment contract with the plaintiff by revealing confidential information and by competing with the plaintiff. However, the jury found no damages as a result of the breach. The jury also found that defendant Affordable Duct Cleaning Corporation (“ADC”) and defendant Dean Barlow (“Barlow”), acting through active and direct participation in ADC, came into possession of confidential information of Duct and Vent through Van Houten’s breach. The jury found that, although ADC used such confidential information, Duct and Vent suffered no damages as a result of Barlow’s and ADC’s wrongful conduct.
On Van Houten’s counterclaims against Duct and Vent, the jury found that (1) Duct and Vent breached its agreement to pay $11,084.74 in commissions to Van Houten, (2) Van Houten was entitled to attorneys fees as a result, and (3) Duct and Vent violated G.L.c. 149, §148, by failing to pay the commissions. The jury also found that Duct and Vent breached its stock ownership agreement with Van Houten, that the fair market value of the stocks owed was $7,320.00, and that Van Houten was entitled to attorneys fees incurred as a result.
Duct and Vent has moved (1) for new trial, and (2) to amend the Court’s judgment to (a) enter judgment for Duct and Vent on so much of the complaint as sounded in equity, (b) add nominal damages of $1.00 against the defendants, and (3) assess attorneys fees against Van Houten.
Barlow and ADC oppose Duct and Vent’s motions. Van Houten also opposes the motions and further has moved that the Court (1) triple the damages found for the violation of G.L.c. 149, §148, (2) add prejudgment interest on the damages found for the failure to pay commissions and failure to comply with the stock ownership agreement, and (3) award attorneys fees in the amount of $24,700.00 and costs of $650.45.
For reasons herein stated, the plaintiffs motions are ALLOWED in part and DENIED in part, and the defendant Van Houten’s motions are ALLOWED in part and DENIED in part.
I. Duct and Vent’s Motions
A. New Trial
Duct and Vent seeks a new trial pursuant to Mass.R.Civ.P. 59(a). It is within the discretion of the trial judge to decide whether the verdict is against the weight of the evidence and to grant a hew trial. Adams v. United States Steel Corp., 24 Mass.App.Ct. 102, 103 (1987). “[T]he allowance of a motion for new trial based on an inadequate or excessive award of damages . . . rests in the sound discretion of the judge . . . This is especially true where, the motion judge was also the trial judge.” Thayer v. Pittsburgh-Corning Corn., 45 Mass.App.Ct. 435, 439 (1998).
The jury could have reasonably and fairly determined, based upon the evidence, that the plaintiff did not suffer damages as a result of Van Houten’s breach. The jury’s verdict is not inconsistent with substantial *210 justice and a new trial is not warranted. See Wichnik-Zilberman v. Gordon’s Liquor, Inc., 390 Mass. 6, 9 (1983).
B.Judgment for Plaintiff on Equity Counts
The plaintiff asks the Court to amend its judgment by entering judgment on the equity counts. Specifically, the plaintiff asks the Court to enter judgment for the plaintiff on the equity component of Count One and to order Van Houten to certify that he is no longer in possession of the plaintiff s confidential information nor has he downloaded such information. The plaintiff further asks the Court to enter judgment for the plaintiff on the equity component of Count Five and order Barlow and ADC to return the plaintiffs confidential information or to certify that they do not possess such information. However, the plaintiff did not make a request for judgment on equity counts at trial. As such, the plaintiff waived his right to raise this issue post-verdict. See Hawco v. Massachusetts Bay Transportation Authority, 398 Mass. 1006, 1006 (1986); Velleca v. Uniroyal Tire Co., Inc., 36 Mass.App.Ct. 247, 251 (1994). Additionally, the plaintiff asks the Court, now, to enforce a confidentiality provision which expired September 1997. Due to the passage of time this issue is now moot. Accordingly, this motion is denied.
C.Nominal Damages[2]
The plaintiff seeks an award of nominal damages against Van Houten despite the jury’s finding that the plaintiff failed to prove damages as a result of the breach of contract. Actual damages stemming from a breach must be proven as they are a vital element of the case. See Gray v. Tobin, 252 Mass. 238 (1925). However, nominal damages need not be proven. Damiano v. Nat’l Grange Mut. Liability Co. ,316 Mass. 626, 629 (1944) (“For every breach of a promise made on good consideration, the law awards some damage”). If a breach is proven and actual damages are not proven, the plaintiff is entitled, at least, to nominal damages. Corbett v. Dermon Shoe Co., 338 Mass. 405, 412 (1959); Nathan v. Tremont Storage Warehouse, Inc., 328 Mass. 168, 171 (1951); Fall River Savings Bank v. Callahan, 18 Mass.App.Ct. 76, 82 (1984). Accordingly, I order judgment in the amount of $1.00 for the plaintiff on the breach of contract action against Van Houten. See, Page v. New England Telephone & Telegraph Co., 383 Mass. 250, 251 (1981).
D.Attorneys Fees
The plaintiff argues that an award of attorneys fees is warranted as Van Houten was found to have bresched the employment contract and as a result, if the Court should decline to award attorneys fees, it would be a violation of public policy. The defendant argues that since Duct and Vent never objected to the form of the special verdict form which directed the jury to skip over the attorneys fee question if they answered “no” to the damages question, Duct and Vent waived its right to seek an award of attorneys fees.[3]
Mass. Rule Civ. P 49(a) states, “If in [submitting special verdicts and interrogatories to the jury,] the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury." Here, Duct and Vent never objected to the special verdict form. However, an issue of fact has not been omitted in the jury submission. Before the Court is an issue of law regarding the terms of the employment agreement. See Gross v. Prudential Ins. Co. of America, Inc., 48 Mass.App.Ct. 115, 119 (1999) (“The interpretation of a contract is a question of law for the court, except to the extent disputed facts bear upon such interpretation”). As such, the issue has not been waived by Duct and Vent.
According to the terms of the agreement, “If proceedings to enforce this Agreement are commenced by either party hereto, then the party determined to be in breach shall be liable to pay the other party’s costs and expenses (including reasonable attorneys fees) connected with such action.” The language is clear in that attorneys fees are to be paid by the breaching party. Whether damages result from the breach is irrelevant, under the terms of the agreement. Therefore, Duct and Vent is entitled to receive attorneys fees related to its claim for breach of the non compete clause of his employment contract.
Duct and Vent did not submit bills and records for the Court’s review. Accordingly, upon submission of affidavit(s) and documentation concerning the of the amount of attorneys fees to which Duct and Vent claims it is entitled, I will determine the amount of the award.
II. Van Houten’s Motions
A. Treble Damages
Van Houten seeks an award of treble damages. General Laws c. 149, §150, states “Any employee claiming to be aggrieved . . . may . . . institute and prosecute in his own name and on his own behalf. . . a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits. Any employee so aggrieved and who prevails in such an action shall be entitled to an award of the cost of the litigation and reasonable attorney’s fees.” The jury, on the special verdict form, was specifically asked about treble damages. In response, the jury stated that the unpaid commission award of $11,084.74 should not be trebled. The issue before the Court is whether, notwithstanding the jury verdict, Van Houten is entitled to treble damages as a matter of law under G.L.c. 149, §150.
It is well established that the first step of statutory construction is to read the plain language of the statute. Blue Cross of Massachusetts, Inc. v. Commissioner of Ins., 397 Mass. 674, 678 (1986). “Where the language of the statute is plain, it is the sole function of the courts, to enforce it according to its terms.” *211 D’Avella v. McGonigle, 429 Mass. 820. 822-23 (1999). Section 150 uses the phrase “including treble damages.” There is no other provision in this, statute for the multiplication of damages. In comparison, other statutes providing unquestionably discretionary treble damages, such as G.L.c. 93A, §§9 and 11, respectively, state “recovery shall be in the amount of actual damages ...; or up to three but not less than two times such amount . . .” and “[s)aid damages may include double or treble damages . . .’’If the legislature had intended discretionary treble damages, it would have phrased G.L.c. 149, §150, the same way it phrased G.L.c. 93A, §§9 and 11. Additionally, the intent of the legislature, in enacting G.L.c. 149, §150, was the protect employees who seek redress under G.L.c. 149. Mello v. Stop & Shop Cos., Inc., 402 Mass. 555, 557 (1988). General Laws c. 149, §150, provides for the mandatory trebling of damages.
Accordingly, Van Houten, as a matter of law, is entitled to treble damages under G.L.c. 149, §150.
B. Prejudgment Interest
Van Houten urges the Court to assess prejudgment interest on the award of damages both for the breach of the stock ownership agreement and for the breach of contract for failure to pay commissions. It is the plaintiffs burden to prove that he is entitled to interest for periods prior to filing suit. Louise Caroline Nursing Home, Inc. v. Dix Constr. Corp., 362 Mass. 306, 312 (1972); Striar v. American Medical International, Inc., 45 Mass.App.Ct. 87, 104-05 (1998).
Under G.L.c. 231, §6C, prejudgment interest is to be calculated from the date of the breach or demand, if established. If the date of breach or demand is not established, prejudgment interest is to be calculated from the date of commencement of the action. Establishing the date of breach or demand is a determination for the trier of fact, and, where trial has proceeded before a jury, the judge cannot make such a determination. Karen Constr. Co. v. Lizotte, 396 Mass. 143, 149 (1985). Where, as here, the jury made no finding as to the date of demand, and the moving party did not either request that the jury be instructed nor object to the omission in the instructions, the moving party cannot complain that the date of demand was not established by the jury. Therefore, I decline to order the calculation of interest for periods prior to filing of the lawsuit. See, Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 125-26 (1986).
Accordingly, the date from which the interest is properly to be calculated is the date of the filing of suit, April 18, 1997.
C. Attorneys Fees
Van Houten argues that an award of attorneys fees is warranted. General Laws c. 149, §150, states: “Any employee so aggrieved and who prevails in such an action shall be entitled to an award of the cost of the litigation and reasonable attorneys fees” (emphasis added). The jury found a violation of this statute and awarded Van Houten $ 11.084.74 in commissions. The statute clearly states that a prevailing employee shall be entitled to costs and attorneys fees. Thus, as a matter of law, Van Houten is entitled to costs and attorney’s fees for Duct and Vent’s violation of G.L.c. 149, §150.
Van Houten is also entitled to attorney’s fees for Duct and Vent’s breach of the stock ownership agreement. The jury found that the fair market value of the stocks owed to Van Houten was $7,320.00. The jury further answered in the affirmative that Van Houten was entitled to receive attorneys fees as a result of the breach. According to the terms of the Percentage of Ownership Agreement, “If proceedings to enforce this Agreement are commenced by either party hereto, then the party determined to be in breach shall be liable to pay the other party’s costs and expenses (including reasonable attorneys fees) connected with such action.” Therefore, even notwithstanding the jury’s answer to the question, Van Houten is entitled to costs and attorneys fees related to his claim for breach of the stock ownership agreement.
The total amount of costs and fees incurred by Van Houten were $650.45 and $49,400.00, respectively. Van Houten is not entitled to an award of attorneys fees for his defense of Duct and Vent’s claims. Therefore, Van Houten is only entitled to a portion of his total attorneys fees and costs. The plaintiff does not allege that the number of hours or the hourly rates were unreasonable. However, the plaintiff does allege that a fifty percent split of the legal fees, as Van Houten suggests, is inequitable due to a proportionately smaller amount of time spent on Van Houten’s counterclaims and the lack of detail in Van Houten’s attorneys’ bills. Duct and Vent requests, in the event the Court does award costs, that Van Houten be required to detail the actual time spent by counsel on the counterclaim or that Van Houten be awarded one-fourth of his total legal bill.
It is within the discretion of the trial judge to determine what is fair and reasonable compensation for legal services rendered. Mulhern v. Roach, 398 Mass. 18, 23 (1986). The amount of the award “is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney’s services.” Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). The judge “should consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." Linthicum v. Archambault, 379 Mass, at 381, 388 (1979). See also Bertassi v. Allstate Ins. Co., 402 Mass. 366, 373 (1988) (recogniz *212 ing the Lithincum factors in the determination of reasonable attorneys fees).
As the issue of attorneys fees in connection the case will be outstanding until Duct and Vent provides the Court with its submission concerning reasonable attorneys fees, Van Houten will be permitted to submit any further documentation he wishes as to the number of hours spent on the counterclaim.
ORDER
It is hereby ORDERED that plaintiffs motion for new trial be DENIED; plaintiffs motion to amend the Court’s judgment to enter judgment for plaintiff on so much of the complaint as sounded in equity be DENIED; plaintiffs motion to amend the Court’s judgment to add nominal damages of $1.00 against Van Houten be ALLOWED, and; plaintiffs motion for attorneys fees to be paid by Van Houten be ALLOWED. It is further ORDERED that defendant’s, Van Houten’s, motion for triple the damages in accordance with G.L.c. 149, §148, be ALLOWED; Van Houten’s motion for prejudgment interest on the damages found for the failure to pay commissions and failure to comply with the stock ownership agreement be DENIED, and Van Houten’s motion for attorneys fees and costs of $325.23 be ALLOWED.
It is further ORDERED that within 30 days of the docketing of this Memorandum, Duct and Vent and Van Houten each submit any supporting documentation they wish concerning the amount of attorneys fees to be awarded.

 In its brief in support if its motion for nominal damages, the plaintiff makes reference to its entitlement to nominal damages because of the defendants’ actions. The plaintiff in furtherance of its argument on this issue discusses Van Houten’s breach and makes no reference to the other defendants in this matter. It is unclear whether the plaintiff is arguing that the award of nominal damages should be entered against all the defendants or just against Van Houten. However, I am unable to find a basis upon which nominal damages should be entered against Barlow and ADC. A fair and reasonable view of the credible evidence could result in the jury’s determination that the plaintiff did not prove it was damaged by Barlow and ADC; the jury’s verdict was not against the weight of the evidence. As such, the following discusses the plaintiffs claim against defendant Van Houten only.

 The defendant first argues that since there are no actual damages, the plaintiff is not entitled to an award of attorneys fees. See Jet Line Services v. American Employers Ins. Co., 404 Mass. 706, 718 (1989) (holding no attorneys fee award under G.L.c. 93A, §11, when no other relief awarded). Jet Line Services, however, contemplates attorney’s fees under a specific statute, G.L.c. 93A, §11. Courts have analyzed the specific language of section 11 and the availability of an attorneys fee award when there has been no award of actual damages. Jet Line Services, 404 Mass, at 718 (court focuses on “in addition to other relief language in section 11 and does not award attorneys fees); Raymer v. Bay State Nat’l Bank, 384 Mass. 310, 319-20 (1981) (attorneys fee award granted because ’’other relief was awarded); Hanover Ins. Co. v. Sutton, 46 Mass.App.Ct. 153, 175-76 (1999) (court awarded nominal damages and attorneys fees; distinguished Jet Line in that Jet Line involved injunctive relief only and Hanover involved “uncertain" damages resulting in a nominal award); Halper v. Demeter, 34 Mass.App.Ct. 299, n. 9 (commentator's statement “may well be an indication that nominal property damage or financial loss may serve as a fulcrum for the award of attorneys fees”).
Here, the attorneys fee language of G.L.c. 93A, §11, is not applicable. Instead, the Court must apply the attorneys fee clause in the contract. I decline to address the defendant's first argument and will focus on the language of the contract.